**John Wyatt RAUSHER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62848.**

Court of Criminal Appeals of Texas, Panel No. 3.

Feb. 8, 1984.

Clyde W. Woody, Marian S. Rosen, Mary M. Rawlins, Houston, for appellant.

Carol S. Vance, Former Dist. Atty., and Joan Fisher, R.K. Hansen & Paul Coselli, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM and McCORMICK, JJ.

## OPINION

McCORMICK, Judge.

Appellant was convicted of commercial obscenity and punishment was assessed at ninety days' confinement and a $1000 fine.

The record shows that on December 2, 1978, Officers Dobianski, Hagens, Chisholm and Hugo of the Houston Police Department went to the French Quarter Theater in Houston. Officer Dobianski testified that as they walked into the theater a sign at the door indicated that the movies, entitled "Muscle Bound" and "Four in One Goes," were showing. The officers pur-chased tickets, sat down in the theater and viewed the film entitled "Muscle Bound." After the conclusion of the film, the officers left the theater, went back to their office and made out a report. This report was forwarded to the district attorney's office and a warrant was drawn up for seizure of the film.

On December 6, 1978, the officers returned to the theater with the warrant. The officers seized the film and arrested both the ticket clerk and appellant, the manager of the theater. Officers Dobianski, Hagens, and Chisholm testified that they did not see appellant at the theater on December 2, but he was in the theater when they returned on December 6.

Officer Chisholm testified that he personally seized the film. He further testified that the appellant told him the name of the film was "Muscle Bound" and that a tape on the film also identified its title as "Muscle Bound."

Appellant testified that he was the manager of the French Quarter, an all male cinema. He testified that his job duties entailed maintaining the facilities and the equipment and hiring and firing employees. He testified that he did not actually come into contact with the movies exhibited at the theater, but rather, they were screened by the distributor who then forwarded them to the theater. Appellant testified that until he saw the movie shown during his trial he had never viewed the film and did not know the contents of the film, nor did he personally exhibit the film on December 2, 1978.

Appellant was charged by information in pertinent part as follows:

"... on or about December 2, 1978, did then and there unlawfully intentionally commercially exhibit obscene material, namely one sixteen millimeter film entitled 'Muscle Bound', knowing the content of the material."

Appellant argues, among other things, that the evidence was insufficient to show

that he knew the content of the material.[1] As noted above, there is no evidence to show that appellant had any personal knowledge of the content of the material at the time of the offense. None of the officers saw appellant in the theater on the day of the offense and appellant testified that he had not seen the film until it was exhibited during his trial. Thus, under these facts, we have concluded that no rational trier of fact could have found beyond a reasonable doubt that appellant knew the content of the material. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Because of the foregoing, we do not find it necessary to consider appellant's other grounds of error. The judgment is reversed and reformed to reflect an acquittal. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

1. At the time of this offense in 1978, an element of the offense under V.T.C.A., Penal Code, Section 43.23, was that the defendant know the content of the material. In 1979, Section 43.23 was amended by adding paragraph (e) which provided for a presumption of the knowledge of the material's content and character. This presumption was recently held to be unconstitutional in *Davis v. State,* 658 S.W.2d 572 (Tex.Cr.App.1983), and *Hoyle v. State,* (Tex.Cr.App., No. 154–83, December 21, 1983).