**Blanch SHEALY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 890–83.

Court of Criminal Appeals of Texas,
En Banc.

May 9, 1984.

Mickey R. Palmer, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Timothy G. Taft and Lyn McClellan, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON PETITION FOR DISCRETIONARY REVIEW ON THE COURT'S MOTION

TEAGUE, Judge.

Blanch Shealy, appellant, a store clerk, was found guilty by a jury of violating V.T.C.A., Penal Code, Section 43.23(c)(1),[1] after it found she sold W.W. Bollier, an undercover Houston police officer a magazine, which was alleged to be obscene. Her punishment, enhanced by a prior convic-

---

1. As applied to this case, Section 43.23(c)(1) provides that a person commits the offense of obscenity if, knowing its content and character, he promotes or possesses with intent to promote any obscene material.

tion, was assessed by the trial court at 90 days' confinement in the Harris County jail.

Appellant appealed her conviction to the First Court of Appeals, which court thereafter ordered her conviction reversed and the cause remanded to the trial court for a retrial after it found that the trial court had committed reversible error when it instructed the jury that the prosecution could establish that appellant had knowledge of the content and character of the magazine solely because she sold the magazine to the undercover police officer. In making the determination that the charge was erroneous, the Court of Appeals expressly relied upon this Court's decision of *Davis v. State*, 658 S.W.2d 572 (Tex.Cr.App.1983), which had held that where the accused is charged with promoting material, which is presumptively protected by the First Amendment to the Federal Constitution, or by Art. 1, Section 8, of the Texas Constitution, the jury may not be instructed that it can find the accused had knowledge of the content and character of the promoted material solely by using the presumption provided by V.T.C.A., Penal Code, Sec. 43.-23(e).[2]

However, the Court of Appeals did not consider whether the error was harmless. Its omission to consider whether the error was harmless appears to be in conflict with this Court's majority decision of *Hall v. State*, 661 S.W.2d 101 (Tex.Cr.App.1983). We granted the State's petition to make the determination whether the Court of Appeals erred by not considering whether the error was harmless. We find it did not err.

In *Hall*, a majority of this Court held that when the evidence is sufficient to prove culpability without applying the statutory presumption, then the error of charging the jury on the presumption is rendered harmless.

We pause to point out that the magazine appellant sold to Bollier was presumptively protected by the First Amendment to the Federal Constitution, as well as by Art. 1, Section 8, of the Texas Constitution. *Davis v. State*, supra; *Jacobellis v. Ohio*, 378 U.S. 184, 191, 84 S.Ct. 1676, 1680, 12 L.Ed.2d 793 (1964); *Joseph Burstyn, Inc. v. Wilson*, 343 U.S. 495, 72 S.Ct. 777, 96 L.Ed. 1098 (1952).

■ We also point out that it was incumbent upon the prosecution to prove that appellant had knowledge of the content and character of the magazine. The record reflects that the only direct evidence presented against appellant to establish that she had knowledge of the content and character of the magazine was that when she sold the magazine to Bollier, it would have been impossible for her not to have seen the cover of the magazine, which is objectionable, if not obscene by that word's usual meaning. However, the fact that the cover of a magazine might be objectionable does not make the magazine legally obscene. Among other things it is the content and character of the magazine, not the cover, which determines whether the magazine is legally obscene.

■ The trial court instructed the jury that it could find appellant knew the content and character of the magazine solely by invoking and applying the instruction on the presumption provided by Section 43.-23(e), namely: "A person who promotes obscene material is presumed to do so with knowledge of its content and character." The word "promote" was defined in the abstract portion of the charge to mean the following: "to manufacture, issue, sell, give, provide, lend, mail, deliver, transfer, transmit, publish, distribute, circulate, disseminate, present, exhibit, or advertise, or

**2.** Section 43.23(e) provides: "A person who promotes ... obscene material ... or possesses the

same with intent to promote ... in the course of

to offer or agree to do the same."[3]  Thus, by the instructions in the jury charge, the jury was permitted to find appellant guilty solely by finding that she sold the magazine to Bollier.  On original submission in *Davis v. State*, supra, in holding that the presumption might not be used when the promoted material is constitutionally protected, we pointed out that "the above [instruction on the] presumption ... locks in the fact of guilty knowledge of content and character of [the magazine] on the part of the appellant." (579).  *Davis v. State*, supra, held this was an impermissible use of the presumption.  Thus, we find that the Court of Appeals was correct in holding the trial court erred in authorizing the jury to find that appellant had knowledge of the content and character of the magazine she sold to Bollier solely through the use of the presumption.

We must next answer the following question: Whether the error in the charge to the jury *can* be harmless?

We answer the question in the negative.

We also conclude that this Court was in error if it left the impression in *Hall v. State*, supra, that when promoted material is presumptively protected by the respective Constitutions, error resulting from the giving of the instruction provided by Section 43.23(e) may be harmless.

If we were not clear before, we unequivocally hold today that when the promoted material is protected by the provisions of the First Amendment to the Federal Constitution, or by the provisions of Art. 1, Section 8, of the Texas Constitution, and the trial court errs by instructing the jury that the prosecution may establish through the use of the statutory presumption that the accused had knowledge of the content and character of the promoted material, such cannot ever be harmless error.

Therefore, we hold that the Court of Appeals did not err in failing to consider whether the error was harmless.  The Court of Appeals was correct in both reversing appellant's conviction and remanding the cause to the trial court for proceedings not inconsistent with its decision.

The judgment of the Court of Appeals is affirmed.

---

his business is presumed to do so with knowledge of its content and character."

**3.** This definition tracks the statutory definition for the word "promote."  See V.T.C.A., Penal Code, Section 43.21(a)(5).