Ismael GONZALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–82–00552–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 12, 1984.

Rehearing Denied Aug. 30, 1984.

Clyde F. Dewitt, III, Brown, Weston, & Sarno, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before EVANS, C.J., and DOYLE and COHEN, JJ.

OPINION

COHEN, Justice.

A jury convicted the appellant of a class A misdemeanor offense of obscenity, in violation of Tex.Penal Code Ann. sec. 43.-23(c)(1) (Vernon 1981). The court set pun-

ishment at confinement for five days and a fine of $1,000.00.

In ground of error number two, the appellant asserts that it was reversible error for the court to instruct the jury regarding the presumption found in Penal Code sec. 43.23(e) because the presumption is unconstitutional. His timely objection to the charge for this reason was overruled. The jury charge contained an instruction in the exact language of the statute:

"A person who promotes obscene material or possesses the same with intent to promote it in the course of his business is presumed to do so with knowledge of its content and character."

The jury charge also contained the limiting language required by Penal Code sec. 2.05, regarding the effect which the jury is to give to a presumption.

In *Davis v. State,* 658 S.W.2d 572 (Tex. Crim.App.1983), the statutory presumption here involved was held unconstitutional because it violated the first amendment of the United States Constitution. The decision of the United States Supreme Court in *Smith v. California,* 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959) was the authority for the holding in *Davis.*

This court, in its original opinion in this case, reversed the judgment and remanded the cause for new trial on the authority of *Davis v. State, supra.* The Court of Criminal Appeals subsequently granted petitions for discretionary review of both parties, vacated the judgment of this court, and remanded the cause to us for reconsideration of the sufficiency of the evidence to support the conviction, in light of *Skinner v. State,* 652 S.W.2d 773 (Tex.Crim.App. 1983), and *Davis v. State, supra,* both of which were decided before our original decision in this case, and *Hall v. State,* 661 S.W.2d 101 (Tex.Crim.App.1983), decided after our original opinion in this case.

■ When the sufficiency of the evidence is challenged, the evidence is reviewed by the appellate court in the light most favorable to the prosecution. *Skinner v. State, supra,* 652 S.W.2d at 776. The evidence showed that on May 13, 1982,

Houston Police Officer Joe F. Lee, the sole witness in this case, entered a book store in Harris County where he found the appellant, the sole employee on duty at the time, behind the counter in a position to operate the cash register. The appellant was in sole and exclusive control of the premises, the only others present being customers. A sign outside the store stated that it was an "adult" bookstore and inside there were 500–1,000 magazines, all with their covers displayed, all sexually oriented.

Officer Lee testified that everything on display in the store was sexually oriented. Officer Lee selected a magazine fully enclosed in transparent cellophane which, on its front and back covers, depicted people engaged in oral and anal sex acts. The magazine was displayed on a rack in plain view inside the store. Officer Lee took the magazine to the counter where he purchased it from the appellant for $24.95. After paying the appellant, he left. This was the only time the appellant was ever shown to have anything to do with the store or with the magazine. He was arrested upon an arrest warrant in this case several days later at a different location and attempted to flee when approached.

We find that the evidence is stronger than that in either *Davis v. State, supra,* or *Skinner v. State, supra.* The major difference between the instant case and *Davis* is that *Davis* involved an obscene film shown in a coin-operated machine inside a booth, and the defendant in *Davis* was never shown to have operated the projector, or to have seen the film, or even to have been near the particular booth in question. In the instant case, the magazine was handled by the appellant, who personally viewed the front and back covers depicting oral and anal intercourse. In addition, unlike *Davis,* the record here shows the character of the other magazines in the store and that there was a sign posted outside identifying the store as an adult bookstore. See *Davis v. State,* 658 S.W.2d at 575–576. Unlike the appellant in *Davis,* the appellant herein viewed the covers at the time of sale.

In *Skinner v. State, supra,* the defendant sold a ticket to a police officer in a movie theatre. Another employee, the projectionist, was present and was operating the machine which displayed the obscene film. It was the projectionist, not Skinner, who had control of the obscene film. Although the defendant in *Skinner* had worked at the theatre for approximately one month as cashier, concession girl, and performing clean up and other miscellaneous duties, she was not shown to have had any managerial responsibilities, nor to have had anything to do with the operation of the movie projector or the selection or showing of the films at the theatre, and was not shown to have had any financial interests in the theatre, its operations, or in the corporation which owned the theatre. Significantly, the testimony in *Skinner* showed that the defendant had never seen the obscene film, although she was aware of the character of films shown at the theatre. In *Skinner,* the court stated:

"By our holding, we do not mean to imply or leave the inference that a ticket seller or a cashier of a theatre could not ever be guilty of committing an offense under the obscenity statute, either individually or as a party to the offense. We are simply holding that under the facts of this cause no rational trier of facts could have found that appellant committed the offense of commercial exhibition of obscenity beyond a reasonable doubt." *Skinner v. State,* 652 S.W.2d at 777.

"The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Skinner v. State, supra,* 652 S.W.2d at 776. This case is distinguishable from *Skinner* because the defendant herein sold the obscene magazine in question, and he personally viewed the sex acts depicted on the front and back covers.

■ This does not settle the issue, however. In *Shealy v. State,* Tex.Crim.App., 675 S.W.2d 215 (1984) the court unanimously held that placing the presumption of section 43.23(e) in the jury charge can never be harmless error when, as in the instant case, the material is a magazine, which is presumptively protected by the First Amendment to the U.S. Constitution and by Art. I, Section 8 of the Texas Constitution. Therefore, the judgment must be reversed. *Shealy v. State,* Id.

We now consider whether the cause should be remanded for a new trial or whether an acquittal should be ordered due to insufficient evidence. In *Shealy,* id., the court said:

"We also point out that it was incumbent upon the prosecution to prove that appellant had knowledge of the content and character of the magazine. The record reflects that the only direct evidence presented against appellant to establish that she had knowledge of the content and character of the magazine was that when she sold the magazine to Bollier, it would have been impossible for her not to have seen the cover of the magazine, which is objectionable, if not obscene by that word's usual meaning. However, the fact that the cover of a magazine might be objectionable does not make the magazine legally obscene. It is the content and character of the magazine, not the cover, which determines whether the magazine is legally obscene."

■ The evidence before us is insufficient to support a conviction under this test from *Shealy, Id.* This normally would cause us to reform the judgment to an acquittal. *Burks v. U.S.,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). However, the *Shealy* court did not acquit; it remanded for a new trial. *Shealy* was a unanimous en banc opinion; however, it is now pending on the court's own motion for rehearing. We assume, without holding, that the Court viewed *Shealy* as an example of trial error, and the State, having reasonably relied on the constitutionality of sec. 43.23(e), should have another chance to present any additional evidence it may have withheld, as a

**440**

matter of trial strategy, in the belief that the evidence it presented was sufficient, when joined with the presumption the jury could use under sec. 43.23(e).

The judgment is reversed and the cause is remanded for a new trial.