Steven Wesley CARROLL, Appellant,

v.

The STATE of Texas, Appellee.

No. 1109–84.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 8, 1986.

Terrence A. Gaiser, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Timothy G. Taft and Casey O'Brien, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

This is an appeal from a conviction for the misdemeanor offense of obscenity under V.T.C.A., Penal Code Sec. 43.23(c). The appellant pleaded not guilty and was tried and convicted by the trial court. The trial court found that the appellant, "knowing the content and character of the material, (did) intentionally sell to N.D. Wong obscene material, namely, a magazine entitled, 'Super #3.' "[1] The trial court sentenced the appellant to 10 days confinement and a $500.00 fine.

On appeal the appellant argued that the evidence admitted before the trial court was "insufficient to show the appellant knew the character and content of the allegedly obscene material." The Court of Appeals decided that the State failed to prove that appellant knew the character and content of the magazine. Though the

1. The magazine, including the front and rear cover, was duplicated and included in the record on appeal. As the trial court pointed out, there are "acts of sodomy and intercourse" displayed on the covers of the magazine. The appellant did not object.

trial was before the trial court, the Court of Appeals stated they could not be certain that the trial court did not rely on the presumption in Section 43.23(e). The Court of Appeals ruled that:

"Without the use of the unconstitutional presumption contained in Section 43.23(e), the evidence is insufficient to support a finding that the appellant knew the character and content of the magazine."

*Carroll v. State*, unpublished (No. 01–83–0229–CR, 1st Ct. of App., September 27, 1984). From this decision, the State petitioned this Court for discretionary review. We granted the State's petition to examine the grounds of review therein.

In its first ground of review, the State alleges that the Court of Appeals mistakenly relied on a "test", gleaned from dicta in this Court's decision in *Shealey v. State*, 675 S.W.2d 215 (Tex.Cr.App.1984), in order to rule that there was insufficient evidence to prove the appellant knew the character and content of the magazine. The State seems to argue that the Court of Appeals in the instant case, following the Court of Appeals in *Gonzales v. State*, 676 S.W.2d 437 (Tex.App.—Houston [1st], 1984), ruled the evidence insufficient because the only direct evidence was that the appellant saw the covers of the magazine. The State alleges that this test ignores the importance of circumstantial evidence in determining whether the appellant knew the character and content of the magazine sold.

We have already stated that we do not approve of the reasoning employed by the Court of Appeals in *Gonzales*, supra:

"We agree with the Court of Appeals that defendant's conviction must be reversed due to the submission of a charge on § 43.23(e). Refusal of discretionary review by this Court does not constitute an endorsement or adoption of the reasoning employed by the Court of Appeals. This is true ... where the petition is refused with a brief opinion disavowing the reasoning employed by the Court of Appeals, as in the instant case." *Gon-*

*zales v. State*, 689 S.W.2d 231 (Tex.Cr. App.1985).

Whether the Court of Appeals in the instant case was merely relying on the reasoning in *Gonzales v. State*, 676 S.W.2d 437 (Tex.App.—Houston [1st], 1984),[2] or was elevating that reasoning to the status of a "test", we disavow the reasoning, or "test", used by that court.

In its second ground for review, the State argues that the Court of Appeals erred when it ruled the evidence was insufficient to prove appellant's knowledge of the magazine's character and content. The State believes that the evidence in the instant case, both circumstantial and direct, supports the trial court's decision that the appellant knew the character and content of the magazine which he sold. We agree.

▪ This Court has ruled that the State has the burden to establish that a defendant, "either individually or as a party, directly or by circumstantial evidence," knows the character and content of the obscene material in question. *Davis v. State*, 658 S.W.2d 572 (Tex.Cr.App.1983). We will not require the State to prove that a defendant has this culpable knowledge by direct evidence alone.

Eyewitness testimony of a vendor's perusal of the contents of a magazine or a book is not an absolute necessary element in proving that the vendor knew the character and content of the books or magazines he sells. Circumstantial evidence may justify a finding that the vendor knows that the character and content of a magazine or book is obscene. *Smith v. California*, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959); *Staten v. State*, 686 S.W.2d 268 (Tex.App.—Houston [14th], 1985). We do not hold that any one particular kind of evidence is required to establish knowledge of the material's character and content.

▪ This Court must view the evidence in the light most favorable to the court's judgment. The evidence, in the instant case, is sufficient to prove that the appel-

2. The opinion of the Court of Appeals, not this Court, in *Gonzales*, supra.

lant knew the character and content of the magazine, "Super #3." A review of the facts proven by the State supports this conclusion. On the day in question, the appellant picked up several boxes at United Parcel Service and took them to the Palace Bookstore at 7637½ Long Point in Harris County. The boxes were addressed to either Steven W. Carroll or Empire Distributing at 1307 Wilcrest Drive, Number 259.

When Officer Wong entered the Palace Bookstore, he observed the contents of the store. Photographs were admitted in evidence to support his observations. Wong first observed the appellant standing at a display counter unloading the magazines from the boxes. What appears to be obscene devices were on display at the counter, with the price of sale clearly marked. At several shelves around the store, magazines, whose covers depict "ultimate sexual acts, normal or perverted, actual or simulated," were on display on the shelves. Numerous signs with the words "HARD CORE" were displayed on the magazine shelves. Displays of movie stills, which depict the same as the magazine covers, advertise that the movies are available for viewing for 25 cents, and on the pictures are the words "DIRTY MOVIES.".

When Wong saw the appellant taking the magazines from the boxes, one of the boxes was already empty. Wong observed the appellant take the magazines, one at a time, and place them in a plastic cellophane wrapper. Then, appellant handed the magazines to a Mr. Peveto, who would seal the wrappers with a heat lamp. After the wrappers were sealed, appellant placed the magazines on the shelves shown in the State's photographic exhibits. Wong testified that, during this process, appellant saw the cover of the magazine, "Super #3", at least twice.

The State then offered the magazine into evidence. Appellant did not object. Wong stated that he saw appellant remove the magazine from the box, place it in a wrapper and display it on a shelf. Wong picked it off the shelf and bought it. He gave the magazine and $20.00 to appellant, who then handed the money to Mr. Peveto to make change for the purchase. Peveto returned the magazine and change to Officer Wong.

After both sides closed and rested, the trial court told appellant that "based on the evidence, it is the opinion of the Court that you, Steven W. Carroll, are guilty of the offense you are charged with." This was not a case where the State merely showed that a defendant saw the cover of the magazine. In the instant case, the appellant not only saw the cover of "Super #3" before selling it to Officer Wong, he also picked it up at United Parcel Service where it had been delivered to him, unloaded it at the store, wrapped it in cellophane and placed it on display with other magazines and films of the same ilk. From both the circumstantial and direct evidence against the appellant, the trial court could rightfully determine that appellant knew the character and content of "Super #3" at the time he sold it to Officer Wong.

In the State's third ground of review, it is alleged that the Court of Appeals erred when it assumed that the trial court relied on the Sec. 43.23(e), supra, presumption to convict the appellant. We agree. There is nothing in the record before us (in the information, judgment and sentence, and the transcript) to indicate that the trial court based its decision on the statutory presumption alone. To the contrary, the record is replete with evidence to justify a finding of guilt by the trial court. We find that the Court of Appeals erred when it assumed that the trial court based the appellant's conviction on the statutory presumption in Sec. 43.23(e), supra.

We reverse the decision of the Court of Appeals and affirm the judgment and conviction of the trial court.

ONION, P.J., dissents.

MILLER, J., concurs in the result.

CLINTON, Judge, concurring.

Article V, § 6 of the Constitution of the State of Texas has long contained a proviso that "the decision of [courts of appeals] shall be conclusive on all questions of fact brought before them ..." Whatever our

final resolution of meaning and impact of that proviso *vis a vis* review by this Court of fact findings by a court of appeals to base "the reason for such decision" rendered by the latter, see, e.g., *Laday v. State*, 685 S.W.2d 651, 652–653 (Tex.Cr. App.1985) (Concurring Opinion), here the Houston (1st) Court of Appeals seems to have based its decision on a conclusion of law that "the evidence is insufficient to support a finding that the appellant knew the content and character of the magazine in question." See *Combs v. State*, 643 S.W.2d 709, 716–717 (Tex.Cr.App.1982).

In this instance I agree with the result reached by this Court because the trial court was permitted to infer knowledge on the part of appellant from all the facts and circumstances proved by the State, especially the undisputed fact that after the magazine in question had been sealed in a wrapper by Peveto, appellant placed it "on display with other magazines and films of the same ilk" shown in the photographs, on a shelf from which Officer Wong took it and then made his purchase.

Accordingly, I join the judgment of the Court.[1]

TEAGUE, Judge dissenting.

I am compelled to file this dissenting opinion because the majority opinion erroneously concludes that the State's evidence that was presented in this cause is sufficient to establish beyond a reasonable doubt that prior to the sale of an obscene magazine to an undercover vice officer the appellant, Steven Wesley Carroll, knew the content and character of the magazine, i.e., that any rational trier of fact could find beyond a reasonable doubt that prior to the sale of the magazine in question the appellant had knowledge of the content and character of the magazine. The evidence that was adduced in this bench trial, how-

ever, was insufficient, not sufficient, to show that prior to the sale of the magazine in question to the undercover vice officer the appellant knew the content and character of the magazine, and I do not believe that any rational trier of fact could find that the evidence is sufficient to sustain the implicit finding of the trial judge, that prior to the sale of the magazine in question the appellant knew the content and character of the magazine.

On direct appeal, in an unpublished opinion, the Houston [First] Court of Appeals reversed the judgment of the trial court, holding that "Without the use of the unconstitutional presumption contained in Section 43.23(3), the evidence is insufficient to support a finding that the appellant knew the content and character of the magazine." *Carroll v. State*, No. 01–83–0229–CR, September 27, 1984.

There is, however, nothing in the record on appeal to support the finding by the court of appeals, that in finding the appellant guilty the trial judge either expressly or implicitly invoked or applied in this cause the presumption provided by the provisions of V.T.C.A., Penal Code, Section 43.23(e). Thus, the majority opinion correctly finds that the court of appeals erred in holding that the trial judge implicitly invoked and applied in this cause the above presumption.

The majority opinion also correctly holds that to prove the offense of promotion of obscenity, see V.T.C.A., Penal Code, Section 43.23, the State need not use or rely upon any particular kind of evidence as its proof; i.e., it may establish its case either by direct or circumstantial evidence or by a combination of both. In this instance, the State, in proving its case against the appellant, attempted to use both direct and circumstantial evidence. However, it failed

---

**1.** Although from the record Judge Teague plausibly argues that "appellant was nothing more than a delivery person, who, after picking up merchandise addressed to him at United Parcel Service, then delivered same to The Palace Bookstore, and thereafter assisted another person in making the magazines available to those members of the general public ..," the case was

neither tried nor presented to the court of appeals—nor, for that matter, to this Court—on that theory. Therefore, for this Court to review sufficiency of the evidence in that light would not be "a proper function of this Court in its new constitutional role," *Turner v. State*, 662 S.W.2d 357, 358 (Tex.Cr.App.1984) (Dissenting Opinion).

dismally in its efforts to prove that before the magazine in question was sold to the undercover vice officer the appellant had knowledge of the content and character of the magazine.

Notwithstanding the State's abysmal failure to muster sufficient proof to show that before the magazine in question was sold to the undercover vice officer the appellant had knowledge of the content and character of the magazine, the majority opinion nevertheless, but erroneously, concludes that the evidence is sufficient to sustain the finding by the trial judge that prior to the sale of the magazine in question the appellant had knowledge of the content and character of the magazine.

The majority opinion is dead wrong for several reasons.

First off, I find that the majority opinion erroneously fails to invoke and apply the correct test that is to be used on appeal in judging the sufficiency of the evidence, which is whether from the facts that the State presented in this cause any rational trier of fact could find beyond a reasonable doubt that prior to the sale of the magazine in question to the undercover vice officer the appellant knew the content and character of the magazine. See *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in which the test was first formulated. The majority opinion, instead of using the correct appellate test, in judging whether the evidence is sufficient to show beyond a reasonable doubt that prior to when the magazine in question was sold to the undercover vice officer the appellant knew the content and character of the magazine, opts instead to merely conclude: "From both the circumstantial and direct evidence against the appellant, the trial court could rightfully determine that appellant knew the character and content of 'Super # 3' at the time he sold it to Officer Wong." However, from the facts that were adduced, and the law that is applicable to this case, the majority opinion's conclusion is simply dead wrong, and that is why I must dissent.

The second reason why I find that the majority opinion's conclusion is clearly erroneous is that it is based upon insufficient, and not sufficient, facts. The following are all of the possible incriminating facts from which any rational trier of fact could find beyond a reasonable doubt that prior to the sale of the magazine in question to the undercover vice officer appellant knew the content and character of the magazine:

1. The appellant picked up 2 boxes at United Parcel Service, which were addressed to both Empire Distributors and appellant at 1307 Wilcrest, # 259, which is appellant's home address;

2. An assumed name certificate, reflecting that the business Empire Distributors was owned by a person with the same name as appellant, was admitted into evidence;

3. The appellant then took the boxes to a place of business, The Palace Bookstore, located at 7637 ½ Long Point, which was an adult bookstore; however, no evidence was presented to show what, if any, relationship the appellant might have had with The Palace Bookstore;

4. Once inside of the bookstore, the appellant unloaded magazines from the boxes onto a counter;

5. He then took the magazines and placed them in plastic cellophane wrappers;

6. He then handed the magazines to another person, who then sealed the wrappers with a heat lamp;

7. He then placed the magazines on shelves;

8. The undercover vice officer picked up one of the magazines off a shelf, took it to a counter, handed the magazine and a $20 bill to appellant, who handed the magazine and money to the other person to make change for the purchase, which he did, and, after putting the magazine in a bag, that person returned the magazine and change to the undercover vice officer; and

9. Appellant "appeared" to have looked at the *cover* of the magazine twice.

Clearly, the above facts are insufficient, and not sufficient, to *support* the trial judge's implicit finding that prior to when the magazine in question was sold to the undercover vice officer the appellant had knowledge of the content and character of the magazine. Furthermore, the above facts are insufficient to establish that any rational trier of fact could find that prior to the sale of the magazine in question the appellant had knowledge of the content and character of the magazine.

The third reason why I find that the majority opinion's conclusion is clearly erroneous is because it erroneously states that the undercover vice officer testified "that, during this process, appellant saw the cover of the magazine ... at least twice." The undercover vice officer testified to no such thing. The record clearly reflects only the following regarding what the undercover vice officer observed: "[By the prosecuting attorney]: How many occasions was it that Mr. Carroll [the appellant] *appeared* to be looking at the cover of the magazine, sir? [My emphasis] A: At least twice." Thus, the undercover vice officer never testified that he actually saw appellant look at the front cover of the magazine at least twice; he only testified that it "appeared" to him that appellant twice saw the front cover. Contrary to the majority opinion, I believe that there is a world of difference between the phrases "appearing to have seen" and "actually seeing." Furthermore, in *Shealy v. State*, 675 S.W.2d 215 (Tex.Cr.App.1984), this Court expressly stated that "the fact that the cover of a magazine might be objectionable does not make the magazine legally obscene. It is the content and character of the magazine, not the cover, which determines whether the magazine is legally obscene." Having authored that statement, I can attest that it was not meant to be used as any test in judging on appeal the sufficiency of the evidence in obscenity cases, but was merely an expression that I found might be applicable to that cause, as to whether the evidence established beyond a reasonable

doubt that the defendant had knowledge of the content and character of the obscene material he was convicted of promoting.[1]

The fourth reason why I find that the majority opinion's conclusion is clearly erroneous is that it seizes upon irrelevant and immaterial facts that pertain to the interior of The Palace Bookstore to support its conclusion. This evidence only reflects or indicates that the appellant either knew or should have known that when the magazine in question was sold to the undercover vice officer he was then situated or located in a "dirty" book store.

I pause to point out that there is no evidence in the record that might tend to reflect or indicate what, if any, relationship or connection the appellant might have had with The Palace Bookstore. For all this record shows, appellant was nothing more than a delivery person, who, after picking up merchandise addressed to him at United Parcel Service, then delivered same to The Palace Bookstore, and thereafter assisted another person in making the magazines available to those members of the general public who enjoy perusing such magazines. I also pause momentarily to point out that there is no evidence that might reflect or indicate what, if any, relationship or connection the other person had with The Palace Bookstore.

The appellant, however, was not on trial for being present in a "dirty" book store or for assisting another person in making the magazines he delivered to The Palace Bookstore available to the general public; instead, he was on trial for having sold an allegedly obscene magazine to an undercover vice officer, having at the time knowledge of the content and character of the magazine. Of course, if the evidence had established that the appellant was not the primary actor, but at most was responsible for the actions of the primary actor, he could have been convicted as a party to the commission of the offense. *Beier v. State*, 687 S.W.2d 2 (Tex.Cr.App.1985). However,

---

1. In light of the majority opinion, after today, promoters of obscene material should put a photograph of Snow White and the Seven Dwarfs or something similar on the front and back covers of all their magazines.

there is no evidence that might tend to reflect or indicate that the appellant was a party to the commission of the offense.

The fifth reason that the majority opinion's conclusion is clearly erroneous is because it reads too much into this Court's En Banc per curiam opinion of *Gonzales v. State*, 689 S.W.2d 231 (Tex.Cr.1985), in which this Court refused the State's petition for discretionary review.[2] In *Gonzales v. State*, supra, all that this Court stated and held was that it agreed in part with the opinion by the Houston [First] Court of Appeals, but disagreed in part to the reasoning used by the court of appeals in holding that the evidence adduced in that cause was insufficient. Nowhere in the opinion does it expressly state that this Court disapproved or reversed the holding of the court of appeals that the evidence was insufficient. By refusing the State's petition for discretionary review, this Court implicitly approved the holding by the court of appeals that the evidence was insufficient to sustain the verdict of the jury in that cause.

Many persons, including the author of the majority opinion, have either misinterpreted or want to read too much into what this Court stated and held in *Gonzales v. State*, supra. This, however, reflects only a lack of appreciation of the history of that case, which I will now present.

After a jury trial, the defendant Gonzales was convicted of selling an obscene magazine to an undercover vice officer. On direct appeal to the Houston [First] Court of Appeals, Gonzales asserted, inter alia, that the jury should not have been instructed on the presumption provided by the provisions of Section 43.23(e), supra. The court of appeals agreed with Gonzales. Relying upon this Court's decision of *Davis v. State*, 658 S.W.2d 572 (Tex.Cr.App.1983), which was not then final because the State's motion for rehearing had been granted, but which held that the above statutory presumption was an infringement upon freedom of expression and could not

be used to establish guilty knowledge on the part of the defendant of the content and character of obscene material, the court of appeals ordered Gonzales' conviction reversed because of the erroneous instruction to the jury. Both Gonzales and the local district attorney filed petitions for discretionary review; Gonzales asserted in his petition that "the judgment should be reformed to show an acquittal"; the local district attorney asserted in his petition that because *Davis v. State*, supra, had not become final, his petition should be granted, "so that this case can be decided in accordance with [this Court's decision on the State's motion for rehearing in] *Davis v. State*, supra." On October 19, 1983, this Court denied the State's motion for rehearing in *Davis v. State*, supra, upholding the original decision, that because a First Amendment freedom was implicated at the outset in that cause the above presumption could not be used to obtain the defendant's conviction, and rejected the State's contentions that (1) our original opinion was in conflict with *People v. Kirkpatrick*, 32 N.Y.2d 17, 343 N.Y.S.2d 70, 295 N.E.2d 753 (1973), appeal dismissed for want of a substantial federal question sub nom., *Kirkpatrick v. New York*, 414 U.S. 948, 94 S.Ct. 283, 38 L.Ed.2d 204 (1974), and (2) that the action by the Supreme Court represented a ruling on the merits.

On November 30, 1983, this Court, in a per curiam unpublished opinion, granted both the State's and the defendant Gonzales' petitions for discretionary review, and entered therein the following order: "The judgment of the Court of Appeals is vacated and the case is ordered remanded to the Court of Appeals for the First Supreme Judicial District for reconsideration of the sufficiency of the evidence to support the conviction in light of this Court's decisions in *Davis v. State*, supra; *Hall v. State*, 661 S.W.2d 101 (Tex.Cr.App.1983); and *Skinner v. State*, 652 S.W.2d 773 (Tex. Cr.App.1983)."

**2.** Under this Court's decision, *Gonzales v. State*, supra, has no precedential value. See *Shannon v. State*, 693 S.W.2d 390 (Tex.Cr.App.1985); *Williams v. State*, 692 S.W.2d 100 (Tex.Cr.App. 1985); *Hill v. State*, 690 S.W.2d 900 (Tex.Cr.App. 1985); *Sheffield v. State*, 650 S.W.2d 813 (Tex. Cr.App.1983).

On remand, after reviewing the facts of the case, the court of appeals held that the evidence was insufficient to support the verdict of the jury. See *Gonzales v. State*, 676 S.W.2d 437 (Tex.App.—1st—Houston 1984). In reviewing the evidence the court of appeals found that the most that the State had established was (1) the defendant Gonzales had sold the magazine in question and (2) he had personally viewed the sex acts depicted on the front and back covers. Relying upon this Court's statement in *Shealy v. State*, 675 S.W.2d 215 (Tex.Cr. App.1984), that "It is the content and character of the magazine, not the cover, which determines whether the magazine is legally obscene," which the court of appeals erroneously assumed was some sort of test that this Court had formulated to judge the sufficiency of the evidence in obscenity cases, the court of appeals nevertheless reached the right conclusion that the evidence was insufficient to establish that the defendant Gonzales had knowledge of the content and character of the obscene magazine in question that he sold to an undercover vice officer, and ordered that an acquittal be entered on his behalf.

In *Gonzales v. State*, 689 S.W.2d 231 (Tex.Cr.App.1985), when this Court refused the State's petition for discretionary review, it pointed out that it disapproved the reasoning that the court of appeals had used in reaching its conclusion that the evidence was insufficient. However, in refusing the State's petition, this Court did not expressly disapprove the holding by the court of appeals that the evidence was insufficient; it merely, albeit done implicitly, through an express disclaimer, held that the reasoning that the court of appeals had used in reaching its conclusion that the evidence was insufficient was faulty. Neither the local district attorney nor the State Prosecuting Attorney filed a motion for rehearing.

Without evidence of *how* the appellant knew the content and character of the magazine's material, prior to the time it was sold to the undercover vice officer, nothing warrants the inference *that* he knew it. No testimony was adduced that the appellant acknowledged that he knew the character and content of the magazine. There is no evidence of an admission by the appellant that he knew the character and content of the magazine. Although there is evidence reflecting the appellant was physically present when the magazine was sold to the undercover vice officer, mere presence alone without evidence of knowledge of the content and character of the magazine in question and intentional participation is insufficient to sustain a conviction. Cf. *Beier v. State*, supra. Under *Beier v. State*, supra, the evidence is insufficient to establish that the appellant was a party to the commission of the offense. Furthermore, from the facts of this case, another person, not the appellant, actually sold the magazine to the undercover vice officer. In addition to *Beier v. State*, supra, also see *Goodman v. State*, 667 S.W.2d 135 (Tex.Cr.App.1984); *Rausher v. State*, 663 S.W.2d 840 (Tex.Cr.App.1984).

Therefore, it should not be questioned by anyone that under the facts that were adduced in this cause no rational trier of fact could find beyond a reasonable doubt that prior to when the magazine in question was sold to the undercover vice office the appellant knew the content and character of the magazine. "One cannot have the intent to promote or assist the sale of obscene material unless he has knowledge of the content and character of the material. Since selling obscene material is an offense *only* if the seller had knowledge of the content and character of the material, no person lacking this knowledge can possess the intent to promote or assist the sale of obscene material." *Beier v. State*, supra, at page 4.

For all of the above reasons, I respectfully dissent to the majority opinion's conclusion that "From both the circumstantial and direct evidence against the appellant, the trial court could rightfully determine that appellant knew the character and content of 'Super # 3' at the time he sold it to Officer Wong."