**Blanch Johnson SHEALY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–85–0259–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 13, 1986.

Michael A. Maness, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Timothy G. Taft, Harris Co. Asst. Dist. Atty., Joe Porto, Harris Co. Asst. Dist. Atty., Houston, for appellee.

Before DUGGAN, JACK SMITH and HOYT, JJ.

## OPINION

DUGGAN, Justice.

Following a non-jury trial, appellant was found guilty of promotion of obscenity by intentionally selling obscene material, namely a film entitled "Seventeen Hard Inches." Tex.Penal Code Ann. sec. 43.23 (Vernon Supp.1986). The court assessed punishment at three days confinement and a $500 fine. Appellant presents two grounds of error.

In her first ground of error, appellant asserts that the trial court erred in denying her motion to dismiss on grounds that Tex. Penal Code Ann. secs. 43.21 and 43.23 violate the First and Fourteenth Amendments to the U.S. Constitution by defining community standards for judging allegedly obscene material in terms of community standards of "decency," rather than community standards of "tolerance." Appellant ac-knowledges that this contention has been considered and disposed of adversely to her position in *Andrews v. State*, 652 S.W.2d 370 (Tex.Crim.App.1983), and that she now advances the argument in order to preserve her right to federal habeas corpus review in this case. Appellant's first ground of error is overruled.

Appellant urges in her second ground of error that the trial court erred in adjudging her guilty of the offense charged because the stipulated evidence was insufficient as a matter of law to establish beyond a reasonable doubt that she knew the content and character of the material when it was sold.

When reviewing sufficiency of evidence in a criminal case, the function of the appellate court is to determine from examination of all the evidence, considered in the light most favorable to the prosecution, whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Abor v. State*, 677 S.W.2d 560 (Tex.App.—Eastland 1984, pet. ref'd) (quoting *Skinner v. State*, 652 S.W.2d 773, 776 (Tex.Crim.App.1983). If any evidence establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, this Court cannot reverse on sufficiency of the evidence grounds. *Combs v. State*, 643 S.W.2d 709, 716 (Tex.Crim.App.1982).

The evidence presented at trial, all of which was admitted without objection, consisted of the film, the film's container carton (which appellant's trial attorney stated in argument "does have explicit sex acts on it"), a sack in which the carton was placed when sold, and the stipulated testimony of Houston Police Department Officer S.R. Jett, the person to whom the film was sold. The trial court viewed the film before making its finding of guilty.

Officer Jett's stipulated testimony was that when he entered the bookstore on August 30, 1982, appellant was a clerk behind the counter; that she was at the time selling a customer "some type of vibrator or dildo"; and that the Look and See

Bookstore No. 1 "is an adult bookstore that exclusively sells obscene magazines, films, and dildos."

Jett testified that he first obtained some change from appellant and entered the peepshow area of the store. Later, he asked appellant to hand him a film to look at, and she stated that another employee (later determined to be Rick Clark) would help him. Jett stated that appellant was too short to reach some of the films on the shelves. Clark showed Jett three films, and Jett stated he would take the film, "Seventeen Hard Inches." Clark placed it in a sack, took a clipboard, and wrote down the title on a piece of paper. Appellant, who was present beside Clark, told Jett that he could pay her, which he did. Jett gave appellant a $50 bill, and she gave him change for the $21.50 purchase.

Jett returned to the police vice office, viewed the film, found both the film and its carton to contain scenes of sexual intercourse and oral sodomy between two males and one female, and observed that the four photos shown on the box were also depicted in the film. Jett thereafter filed a misdemeanor information, secured the filing of a complaint against appellant, obtained an arrest warrant, returned to the store with the warrant about two weeks after the purchase, and arrested appellant.

Jett's stipulated testimony further stated that en route to the police station after her arrest, appellant "began telling [the arresting officers] about the details of the purchase. [She] remembered the sale and film packet very well but stated that she did not sell the film, but only accepted the money. [She] even remembered that [I] paid her with a $50 bill." Appellant told officers that "she only took care of the stock and did not sell it," that "the only reason she was behind the counter was that [the manager] had asked her to stay until he returned," and that "she was only allowed to sell while the other clerk was in the peep show running the faggots out and while the clerk was busy elsewhere."

This Court has independently viewed the film, "Seventeen Hard Inches," and has determined that it is factually and constitutionally obscene. *Davis v. State*, 658 S.W.2d 572, 581 (Tex.Crim.App.1983).

While the State must prove that a defendant knows the character and content of the obscene material in question, such culpable knowledge can be proved by circumstantial as well as direct evidence of the circumstances under which the material was sold. *Carroll v. State*, 701 S.W.2d 913 (Tex.Crim.App., 1986) (not yet reported). Proof of knowledge and intent, because of their subjective nature, are usually established inferentially from the totality of the facts of the case. *Davis v. State*, 658 S.W.2d 572.

Viewed in the light most favorable to the trial court's judgment, the evidence before the court was sufficient to show that appellant knew the character and content of the film "Seventeen Hard Inches." The uncontroverted evidence showed that the Look and See Bookstore No. 1 was, on August 30, 1983, an adult bookstore that exclusively sold obscene magazines, films, and dildos, and that appellant was a clerk in the store and was selling a customer a dildo as Officer Jett entered the store.

Appellant directed another clerk to obtain from the display shelf for Jett the film in question and two others that she, appellant, was not tall enough to reach. Appellant stood beside the other clerk as he put the boxed film in a sack. As the other clerk handed Jett the sack, appellant told Jett he could pay her. Jett did, and she made change and gave it to Jett. Two weeks later, at the time of her arrest, appellant stated that she remembered the sale to Jett and the film packet very well, that she took care of the stock, and that she sold goods only while "the other clerk was in the peep show running out the faggots." Such evidence, direct and circumstantial, together with the rational inferences to be drawn therefrom, was a sufficient basis upon which the trial judge could find beyond a reasonable doubt that appellant knew the character and content of the film sold to officer Jett to be obscene.

Appellant misplaces her reliance on *Shealy v. State,* 675 S.W.2d 215, 216 (Tex. Crim.App.1984), for the proposition that an objectionable, sexually explicit cover cannot be considered in determining whether the material contained within is obscene. The referenced statement was dicta in an appeal that did not involve a sufficiency of the evidence question, and was disavowed as a test in *Gonzales v. State,* 689 S.W.2d 231, 232 (Tex.Crim.App.1985). See also *Carroll v. State,* 701 S.W.2d 913 (Tex.Crim. App.). Appellant's second ground of error is overruled.

The judgment is affirmed.