**Antonio Oneal KENNEDY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08–89–00122–CR.

Court of Appeal of Texas, El Paso.

June 28, 1989.

Rehearing Denied Aug. 30, 1989.

Malcolm Dade, Dallas, J. Thomas Sullivan, Little Rock, Ark., for appellant.

Karen Wise, Asst. Dist. Atty., Dallas, for appellee.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

FULLER, Justice.

This is an appeal from a conviction for possession of six or more obscene devices with intent to promote them by exhibition. The jury assessed punishment at six months' confinement and a fine of $500.00, probated. We affirm.

In Point of Error No. One, Appellant contends that there was insufficient evidence that he "committed a voluntary act in 'exhibiting' obscene devices, as charged

in the information." We first point out that Appellant was not charged and convicted of exhibition, but of possession with intent to promote exhibition. Tex. Penal Code Ann. sec. 43.23(c)(1) (Vernon 1989). The information and charge set out two required culpable mental states: (1) intentional or knowing possession and (2) a specific intent to promote. The only culpable act alleged is possession. The information reference to exhibition is merely a specific manner and means pleading as to the accomplishment of the specific intent to promote the alleged devices. There is no challenge to the conclusion that the devices were obscene and that Appellant was aware of their obscene character.

Having considered the authorities cited by both sides, we are persuaded by neither offering. Six cases presented by the State involve evidentiary similarities to the present record as to the contents and layout of the stores, and the fact that each defendant was apparently the sole employee on duty at the time of the alleged offense. The defendants in these cases, however, were charged either with sale or possession with intent to sell, in harmony with their obvious functions as clerk or cashier. The appellate sufficiency challenges addressed the character of the merchandise and the defendants' knowledge of the obscene character or content. *Carroll v. State,* 701 S.W.2d 913 (Tex.Crim.App.1986); *Johnson v. State,* 760 S.W.2d 797 (Tex. App.—Dallas 1988); *Shealy v. State,* 707 S.W.2d 683 (Tex.App.—Houston [1st Dist.] 1986, no pet.); *Southwick v. State,* 701 S.W.2d 927 (Tex.App.—Houston [1st Dist.] 1985, no pet.); *Staten v. State,* 686 S.W.2d 268 (Tex.App.—Houston [14th Dist.] 1985, no pet.); *Abor v. State,* 677 S.W.2d 560 (Tex.App.—Eastland 1984, PDRR). These cases are of no utility in assessing the sufficiency of the evidence as to Appellant's alleged intent to promote by exhibition.

The same is true with regard to the three exhibition cases offered by the State. *Sanders v. State,* 649 S.W.2d 59 (Tex.App. —Houston [1st Dist.] 1982, PDRR) involved alleged exhibition of an obscene film. There was no challenge to the sufficiency of the evidence of exhibition, only as to the defendant's knowledge of the obscene content. It is true that the Court of Criminal Appeals stated in *Volkland v. State,* 510 S.W.2d 585, 587 (Tex.Crim.App.1974) that one who does not physically place obscene materials on display may nonetheless be found guilty of exhibition as a party or an accomplice, as shown by either direct or circumstantial evidence. The evidence in that case, however, established the defendant's role as manager of the store, not simply clerk or cashier. Thus, he had supervisory authority over the displays as well as consequent supervisory liability. The evidence also reflected that he personally prepared books and magazines for display and directed his employees in doing so. In the instant case, Appellant was not shown to be owner or manager of the store. Nor was there any testimony as to his active physical involvement with the displays, such as: initial stocking, arranging, cleaning, straightening or replenishing the wares. Finally, we have compared *Davis v. State,* 658 S.W.2d 572 (Tex.Crim. App.1983) (erroneously cited by the State as subsequent review of *Sanders* ). In that case, the defendant was charged with exhibition of an obscene "peep-show" film, one of a number of services and merchandise available at the establishment where the defendant was serving as cashier and sole employee in attendance. The "peep-show," however, was coin-operated and customer activated. The defendant's sole action was in making change for the officer, without any exchange of words as to the intended use of the charge or the operation of the "peep-show." The case is actually more favorable to the Appellant, although, as discussed below, not to a persuasive degree.

Appellant relies upon three Court of Criminal Appeals opinions. *Goodman v. State,* 667 S.W.2d 135 (Tex.Crim.App.1984); *Skinner v. State,* 652 S.W.2d 773 (Tex. Crim.App.1983); *Acevedo v. State,* 633 S.W.2d 856 (Tex.Crim.App.1982). In *Goodman* and *Skinner,* the defendants merely sold tickets for admission to the obscene films. In *Acevedo,* the defendant sold re-

freshments at the concession booth and was observed at one time standing at the door between the concession stand and the projection booth. The Court concluded in each case that the proven job responsibilities and conduct of the defendant did not amount to actual exhibition of the film, i.e., "operation of the movie projector or the selection of or showing of the film...." *Goodman,* 667 S.W.2d at 137. We find that the distinction between obscene films and the obscene devices in this case is sufficient to exclude the applicability of these three cases to the record before us.

■ We would agree with both sides that the appropriate meaning of "exhibit" is to show or display outwardly. *Sanders,* 649 S.W.2d at 63. Films are by their very nature shown or displayed outwardly only when they are being actually projected. This amounts to *active* exhibition. Appellant seeks to extend this active conduct requirement from film cases to the exhibition of the obscene devices in this case. He thus contends that to sustain conviction, the State was required to demonstrate his actual participation in or managerial authority over the active physical placement and maintenance of the display. We note that in this case, the State did not rely upon either the statutory presumption of Section 43.23(f) of the Texas Penal Code or the law of parties. The evidence reflects that Appellant was the sole employee present and was stationed at a raised cashier stand, overlooking the entire store. The obscene devices were openly displayed in a glass counter in front of the cashier stand.

We disagree with Appellant's narrow focus upon the active aspects of exhibition. Unlike films, these devices were not capable of more substantial outward display then existed in their continuing exhibition in the glass counter. To adhere to the defense argument would mean that items are being exhibited only when actually being placed on display. When that act is accomplished are we then to say that the result, attended or unattended, is not an "exhibit," not an "outward display or showing?" Such a conclusion defies common

sense application of the English language and common experience. Exhibition, display or show involves both an active element (i.e., initial preparation, arrangement, cleaning, maintenance, restocking) and a passive or static element (the finished arrangement made outwardly available for intended view). Appellant's argument is reminiscent of the late Inspector Clouseau's encounter with the Parisian organ grinder who denied illegal solicitation on the basis that it was the monkey who was taking the money.

■ The jury in this case could reasonably conclude that the Appellant, as sole employee on duty, stationed at an overlook post, responsible for making sales facilitated by the merchandise displays, was in charge of and responsible for the static exhibition of these obscene devices. As a result, there was sufficient evidence that Appellant was in possession of these devices and in keeping with his job responsibilities, intended to promote them via the use of these static exhibits. Point of Error No. One is overruled.

■ In Point of Error No. Two, Appellant complains of improper argument by the State at the punishment stage:

This case ... is not like a murder trial where someone is murdered.... This case is a promotion of obscenity where a lot of people are affected. Who knows how many people have walked into that door when the Defendant was working there—who knows how many people bought those devices? Who knows how many children came into contact with those devices? We don't know.

A defense objection as to improper speculation was overruled. The argument was not outside the record since Officer Bardin testified without objection that children could enter the store. The argument was not overstated by suggesting such an actual occurrence or suggesting any particular scope or degree of such exposure. In fact, the prosecutor emphasized the mere potential for such occurrences by repeating in effect that "we don't know." The argument was also a proper response to the preceding argument by the defense that

**826**

the only people involved with these devices are those who voluntarily purchase them. The defense argument obscured the fact that Appellant was not charged with actual promotion by sale to a consenting adult but with possession with intent to promote by exhibition. The response by the State was proper. *Alejandro v. State*, 493 S.W.2d 230 (Tex.Crim.App.1973). Point of Error No. Two is overruled.

The judgment is hereby affirmed.