**Ronnie Eugene HUTTO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–88–00812–CR.**

Court of Appeals of Texas, Dallas.

June 28, 1989.

Rehearing Denied Sept. 5, 1989.

J. Thomas Sullivan and Malcolm Dade, Dallas, for appellant.

Karen R. Wise, Dallas, for appellee.

Before McCLUNG, STEWART and BAKER, JJ.

McCLUNG, Justice.

Ronnie Eugene Hutto appeals his conviction for possession of, with intent to promote, obscene devices. We affirm the trial court's judgment.

Hutto first argues that the evidence was insufficient to support his conviction because there was no evidence that he had actual possession of the devices. The information charged Hutto with possessing

obscene devices, three vibrators, with the intent to promote them. When addressing an insufficiency of the evidence claim, we view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 320, 99 S.Ct. 2781, 2789–90, 61 L.Ed.2d 560 (1979); *Burks v. State*, 693 S.W.2d 932, 937 (Tex.Crim.App.1985).

This sufficiency test also applies to circumstantial evidence cases. *See Wilson v. State*, 654 S.W.2d 465, 471 (Tex.Crim.App. 1983) (op. on reh'g). It is not required that the circumstantial evidence should, to a moral certainty, exclude every hypothesis other than the guilt of the accused. *Kirven v. State*, 751 S.W.2d 212, 215 (Tex.App. —Dallas 1988, no writ). Rather, the evidence need only exclude reasonable hypotheses consistent with the circumstances and facts proven. *Kirven*, 751 S.W.2d at 215. Additionally, each fact need not point directly and independently to the guilt of the accused, as the cumulative effect of all the incriminating facts may be sufficient to support the conviction. *Hooker v. State*, 621 S.W.2d 597, 601 (Tex.Crim.App.1980).

The evidence established that when Dallas police officers entered the Paris Adult Bookstore No. 2 they encountered an iron railing situated so as to force customers to walk to the manager's station. On the right side of the store there was a theater which featured full-length sexually explicit movies. On the left side of the store, magazines and videos wrapped in clear cellophane were displayed on racks. The magazines were categorized into sections which included homosexual, bondage, lesbian, and nude pregnant women. The covers of the video cassettes depicted still shots from the movies and the video area was also categorized into sections which included regular sex, group sex, anal sex, oral sex, and transvestite movies.

The manager's station, where Hutto was working as the sales clerk, was on a raised platform located behind a glass display case containing sexual devices, lotions, oils, lubricants, and video cassettes. This dis-

play case adjoined another glass case containing more obscene devices. The contents of the glass cases could be seen from the top or sides. From his station, Hutto had an overall view of the store. When the police officers arrived, Hutto was sitting by the cash register which was located at the manager's station. No one else was working in the bookstore at that time. A customer wishing to purchase a device would have had to ask Hutto to remove it from the case and would have had to pay Hutto.

The officers identified themselves and immediately seized twenty-five obscene devices which were all displayed for sale, marked with price tags, and packaged so that the items could easily be seen. All the devices were visible as one walked up to the counter. All the items seized were designed and marketed primarily for stimulating the human genital organs; in fact, everything in the bookstore was of a sexually explicit nature.

The jury was instructed that possession was "actual care, custody, control or management." The court further instructed: "mere presence alone does not constitute possession" and "possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control for a sufficient time to permit him to terminate his control."

Hutto concedes the evidence showed that he was employed at the store but he argues that his presence there was not sufficient to establish possession. We disagree. Hutto was the sole employee in the store at the time of the seizures. He was situated in the manager/clerk's area and, from the raised platform had an overall view of the store. A customer could purchase something only by approaching and paying Hutto. The manager's station was surrounded by a glass case containing obscene devices which were in Hutto's plain view. *See generally Volkland v. State*, 510 S.W.2d 585, 587 (Tex.Crim.App.1974); *Kennedy v. State*, 766 S.W.2d 336, 338–39 (Tex.App.— Dallas 1989, pet. pending); *Shealy v. State*, 707 S.W.2d 683, 685 (Tex.App.—Houston [1st Dist.] 1986, no pet.); *Staten v. State*, 686 S.W.2d 268, 270–71 (Tex.App.—Hous-

**409**

ton [14th Dist.] 1985, no pet.); *Southwick v. State,* 701 S.W.2d 927, 930 (Tex.App.— Houston [1st Dist.] 1985, no pet.).

The evidence is clear that Hutto had knowledge of the character of the devices and had actual care, custody, control, or management of them. The fact that the police officer failed to express his opinion that Hutto had "care, custody or control" of the store and the devices does not dissuade us from our conclusion. We hold that a rational trier of fact could have found, beyond a reasonable doubt, that Hutto possessed obscene devices with the intent to promote them. Thus, we overrule point of error one.

 Hutto next claims that the trial court erred in overruling his motion to quash because the information failed to specifically set out the manner and means by which he allegedly intended to promote the obscene devices. The information charged that Hutto did:

> knowingly and intentionally possess with intent to promote obscene devices, namely, one slim-line vibrator, one super maxi vibrator, and one golden touch vibrator, knowing the content and character of the said devices....

He claims that because there are numerous ways a person may promote obscene devices, the information did not give him sufficient notice of the charges against him.

 In judging the sufficiency of the charging instrument, we examine the accusatory pleading. *See Barnhart v. State,* 648 S.W.2d 696, 698 (Tex.Crim.App.1983). A charging instrument must allege sufficient *facts* to give an accused person notice of precisely what he is accused of committing; however, the charging instrument need not plead the *evidence* that the State will rely upon to prove its case. *See Thomas v. State,* 621 S.W.2d 158, 161 (Tex.Crim. App.1980) (op. on reh'g).

> The Legislature has established offenses and the elements constituting those offenses. The terms and elements are further defined within the Penal Code ... [T]he definitions of the terms and elements are *essentially evidentiary* and need not be alleged in the indictment.

> This is, in effect, the general rule that, subject to rare exceptions, an indictment which tracks the words of the penal statute in question is legally sufficient.

(emphasis original) *Thomas,* 621 S.W.2d at 161. *See also Moreno v. State,* 721 S.W.2d 295, 300 (Tex.Crim.App.1986); *Phillips v. State,* 597 S.W.2d 929, 935 (Tex.Crim.App. 1980); *Barnhart,* 648 S.W.2d at 699.

"Promote," as defined in the Penal Code includes manufacture, issue, sell, give, provide, lend, mail, deliver, transfer, transmit, publish, distribute, circulate, disseminate, present, exhibit, or advertise or to offer or agree to do the same. TEX.PENAL CODE ANN. § 43.21(a)(2) & (5) (Vernon Supp. 1989). Thus, the term "promote," which is statutorily defined, needs no further elaboration. The additional allegations which Hutto complains were not in the information, are essentially evidentiary in nature. The trial court did not abuse its discretion in refusing to quash the information. *See Thomas,* 621 S.W.2d at 163–64. Point of error two is overruled. The trial court's judgment is affirmed.