**Dale Alan MYERS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–88–125–CR.**

Court of Appeals of Texas, Fort Worth.

Dec. 19, 1989.

Larson & Trantham, William E. Trantham, Dallas, for appellant.

Jerry Cobb, Crim. Dist. Atty, Gwinda Burns, Asst. Crim. Dist. Atty., Denton, for State.

Before WEAVER, C.J., and KELTNER and MEYERS, JJ.

## OPINION

WEAVER, Chief Justice.

Appellant appeals his jury conviction of possession with intent to promote obscene devices. *See* TEX. PENAL CODE ANN. sec. 43.23 (Vernon 1989). The jury assessed punishment of six months confinement in the Denton County Jail and a $2,000 fine.

We affirm the judgment.

Appellant alleges six points of error by the trial court: 1) insufficient evidence to support conviction; 2) permitting leading questions by State of its witness; 3) comment by the court on the weight of evi-

dence; 4) admission of defendant's statement when allegedly in custody; 5) failing to instruct jury on lawful possession of obscene devices; and 6) failing to limit jury instructions on elements of obscenity. We overrule all points.

We first address the sufficiency of the evidence.

In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the verdict. *See Flournoy v. State,* 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State,* 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985); *Wilson v. State,* 654 S.W.2d 465, 471 (Tex. Crim.App.1983).

The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the prosecution's evidence or believe that the defense evidence "outweighs" the State's evidence. *See Wicker v. State,* 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied,* 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). If there is evidence which establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *See id.*

The record shows that Officer Galler, the State's only witness, executed a search warrant of Wrangler Video Store. At trial, he identified appellant as the sole employee on duty at the store. Appellant was in charge of the store and had "care, custody, control and management" over the store premises and the items on display. Appellant was the only person at the store, and he was standing behind a display counter of "dildos" and other sexually-oriented materials where a cash register was located.

Upon Officer Galler's explanation of the search warrant, appellant stated he needed to call his boss. This statement was made before he was under arrest and was unsolicited. Appellant made the call and told Officer Galler someone would take charge of the premises.

Officer Galler seized 626 dildos and obscene items from the store. Four hundred and one were on display and were within reach or view from where appellant stood on duty. Fifty-four of these items were entered into evidence. Officer Galler identified these exhibits as assorted "dildos" and other sexually-oriented devices. *See* TEX. PENAL CODE ANN. sec. 43.21(a)(7) (Vernon 1989). Officer Galler testified that the items were offered for sale, and that in his opinion anyone in appellant's position at the time of the execution of the warrant would know the obscene content and character of the items.

The State thus established that appellant, as the sole employee on duty, was in charge of the store, had possession of and control over dildos and other sexually-oriented devices, knew the obscene character of the devices, and was promoting the dildos and other items by offering them for sale.

"Obscene device" is defined by the Texas Penal Code as "a device *including a dildo* or artificial vagina, designed or marketed as useful primarily for the stimulation of human genital organs." *Id.* (emphasis added). The jury was instructed according to this statutory definition.

Given this overwhelming evidence, we hold that a jury could find beyond a reasonable doubt that appellant knowingly possessed obscene devices with the intent to promote them. *Kennedy v. State,* 774 S.W.2d 822, 825 (Tex.App.—El Paso 1989, no pet.); *Hutto v. State,* 775 S.W.2d 407, 408 (Tex.App.—Dallas 1989, no pet.); TEX. PENAL CODE ANN. sec. 43.23; *see also Volkland v. State,* 510 S.W.2d 585, 587 (Tex.Crim.App.1974). Point one is overruled.

Appellant's point of error two alleges the trial court erred in allowing the prosecutor to ask leading questions of its only witness. This point is without merit. First of all, rule 610(c), Texas Rules of Criminal Evidence, does not forbid the asking of leading questions of a party's own

witness, it merely states that leading questions "should not be used on the direct examination of a witness *except as may be necessary to develop his testimony.*" TEX.R.CRIM.EVID. 610(c) (emphasis added). The rule clearly contemplates that some leading is acceptable at the trial court's discretion.

■ However, we hold that most of the State's questions of which appellant complains were not leading, and the others were either not properly objected to or were merely used to clarify testimony. A leading question is "[o]ne which instructs witness how to answer or puts into his mouth words to be echoed back." BLACK'S LAW DICTIONARY 800 (5th ed. 1979). The first three questions challenged were not leading because they clearly did not suggest the answer:

Q. (By Mr. Wilson) Who was in charge of the premises?

. . . .

Q. Who had the care, custody, control and management over the premises and items within there?

. . . .

Q. (By Mr. Wilson) Who had care, custody, control and management over Wrangler Video and the items therein?

The State did not suggest "who" the witness was supposed to identify, and the questions were therefore not leading.

■ The next question of which appellant complains was leading:

Q. Were all of the items which I have marked as State's Exhibits 1 through 54, were they on open display in Wrangler—

This question was leading, but appellant made no objection on leading grounds. This complaint was not brought to the attention of the trial court and was thus waived. TEX.R.APP.P. 52(a).

■ The last question appellant brings to our attention was also leading:

Q. (By Mr. Wilson) Is that the normal entrance to the building?

Appellant made a proper objection to this leading question. However, we hold it was a proper question used to clarify the witness's testimony as allowed by TEX.R.

CRIM.EVID. 610(c). A review of the testimony at the time of the question indicates the State asked the witness to locate the front entrance of the store on a diagram the witness had drawn during his testimony. The witness answered by describing which door *he* entered. After appellant objected to the witness's unresponsiveness, the State asked the question now complained of here: "Is that the normal entrance to the building?" The witness, having already been asked about the location of the main entrance, was merely asked a more specific question by the State in light of his unresponsive answer in order to make clear his testimony as to where the main entrance was. Indeed, the only suggestion of an answer came from the witness himself and his own drawing! We hold this was a permissible leading question designed to clarify the witness's previous answer. Point two is overruled.

■ In point of error three, appellant complains that the trial court improperly commented on the weight of the evidence by denying appellant's objection to the State asking the record to show that Officer Galler identified appellant at trial. This point is without merit. At trial, Officer Galler identified appellant as the employee on duty at the store and described the clothing and facial hair of appellant as he appeared in the courtroom. The State then asked for the record to reflect the identification of appellant by the officer. We observe that the trial court never confirmed that the record should reflect the identification, but only overruled appellant's objections. Therefore, the court made no comment at all on the identification.

■ However, even if the court had instructed the record to reflect the identification, this procedure is proper and was not a comment on the weight of the evidence. As this court has previously held, "the trial court is allowed to clarify the record when the spoken word does not reflect true trial proceedings." *Chase v. State,* 750 S.W.2d 41, 43 (Tex.App.—Fort Worth 1988, pet. ref'd). When a witness identifies a defendant at trial, it is recommended practice for

counsel to ask the judge to allow the record to reflect the identification when a witness points to or describes characteristics of the defendant. *See Rohlfing v. State*, 612 S.W.2d 598, 601 n. 2 (Tex.Crim.App. [Panel Op.] 1981); *Chase*, 750 S.W.2d at 44; *Young v. State*, 644 S.W.2d 18, 21 (Tex. App.—Houston [14th Dist.] 1982, pet. ref'd). The trial court here made no error overruling appellant's objection and could have instructed the record to reflect the identification. Point three is overruled.

Appellant's point of error four challenges the admission of appellant's statement that he needed to call his boss when Officer Galler told appellant of the search warrant. The record clearly indicates that appellant was not under arrest at the time the statement was made. In addition, the statement was unsolicited by Officer Galler. However, even assuming that a custodial interrogation had begun, we hold that the statement was *res gestae* (a statement resulting from the startling event) of the officer's presentation of the search warrant. Statements made under such conditions are admissible as an exception to the general rule that statements made by the accused during custodial interrogation before receiving warnings against self-incrimination are inadmissible. TEX. CODE CRIM.PROC.ANN. art. 38.22, sec. 5 (Vernon 1979). The officer presented the warrant, and appellant spontaneously said he had to call his boss.

While we cannot find any cases with similar circumstances to the one at bar, a review of many Texas cases on this point supports our conclusion that the startling event of presenting a search warrant can give rise to a *res gestae* statement, particularly given that appellant had not yet been arrested and that the comment was unsolicited. *Stevens v. State*, 671 S.W.2d 517, 520 (Tex.Crim.App.1984); *Nastu v. State*, 589 S.W.2d 434, 441 (Tex.Crim. App. [Panel Op.] 1979), *cert. denied*, 447 U.S. 911, 100 S.Ct. 3000, 64 L.Ed.2d 862 (1980); *Graham v. State*, 486 S.W.2d 92, 94–95 (Tex.Crim.App.1972); *Brown v. State*, 477 S.W.2d 617, 622 (Tex.Crim.App. 1972); *Jolly v. State*, 681 S.W.2d 689, 694–

95 (Tex.App.—Houston [14th Dist.] 1984), *rev'd on other grounds*, 739 S.W.2d 345 (Tex.Crim.App.1987); *Phillips v. State*, 639 S.W.2d 501, 504 (Tex.App.–Fort Worth 1982), *pet. ref'd per curiam*, 651 S.W.2d 745 (Tex.Crim.App.1983); *Lewis v. State*, 630 S.W.2d 285, 287–88 (Tex.App.—Houston [14th Dist.] 1981, no pet.). However, considering all the other evidence offered by the State, even if it was error to admit the statement into evidence, we determine beyond a reasonable doubt that any possible error in admitting the statement made no contribution to the conviction or to the punishment of appellant. TEX.R.APP.P. 81(b)(2). Point four is overruled.

In point of error five, appellant asserts that the trial court erred in failing to instruct the jury that if appellant was found to have possession of the dildos and other State exhibits during a law enforcement activity, it must acquit him. This point is completely without merit. Appellant relies on TEX. PENAL CODE ANN. sec. 43.23(g) which exempts persons acting in the course of law enforcement from the Code's obscenity provisions. This provision is obviously intended to allow law enforcement personnel to go about their duties gathering evidence and performing prosecutions using obscene materials as evidence. Appellant suggests that since the evidence was obtained during the course of a law enforcement activity (execution of a search warrant) and appellant had possession of the materials during that law enforcement activity, he is therefore immune from prosecution under section 43.23(g). It is absurd to suggest that this provision insulates violators of obscenity laws from prosecution when evidence is found in their possession during the execution of lawful search warrants. This provision is clearly intended to apply only to law enforcement personnel. Appellant seriously, and perhaps frivolously, misinterprets this Code provision. Point five is overruled.

Point of error six asserts that the trial court erred by failing to limit instructions to the jury by requiring the jury to find the " 'DILDO[S]' [WERE] WITHOUT SERIOUS QUALITY, ARTISTIC MERIT,

LITERARY MERIT, OR SCIENTIFIC VALUE" in order to convict appellant.

We hold that the jury instruction on "obscene device" was proper because it follows the statutory definition exactly:

The term "obscene device" means a device, *including a dildo* or artificial vagina, designed or marketed as useful primarily for the stimulation of human genital organs. [Emphasis added.]

*See* TEX. PENAL CODE ANN. sec. 43.-21(a)(7). Appellant apparently confuses this statutory definition with the definition of "obscene" which mandates a finding that the material lacks "serious literary, artistic, political, and scientific value." TEX. PENAL CODE ANN. sec. 43.-21(a)(1)(C). The instruction here did not need to define "obscene" because the statute *defines* "dildo" as an "obscene device." The State only had to establish that the dildos were obscene devices as defined in 43.21(a)(7). The only case cited by appellant in support of this point expressly held that the Code's statutory definition of "obscene device," patterned on a Georgia statute, is constitutional. *Red Bluff Drive–In v. Vance*, 648 F.2d 1020 (5th Cir.1981), *cert. denied*, 455 U.S. 913, 102 S.Ct. 1264, 71 L.Ed.2d 453 (1982). Point six is overruled.

Judgment is affirmed.