Soni 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00086-CR







Harbans Singh Soni, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY, 


NO. 40,825, HONORABLE HOWARD S. WARNER, II, JUDGE PRESIDING







 Harbans Singh Soni appeals from a trial-court judgment convicting him of driving while
intoxicated. See Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1574
(Tex. Rev. Civ. Stat. Ann. art. 6701l-1(b), (c), since amended and codified at Tex. Penal Code Ann. §
49.04 (West 1994 & Supp. 1997)). The judgment imposes punishment at two years imprisonment,
probated, and a $750 fine. We will affirm the trial-court judgment.



THE CONTROVERSY


 A police officer arrested Soni after observing his erratic operation of an automobile on a
public way, his appearance and demeanor, a smell of alcohol about him, and his inability to perform three
field-sobriety tests requested by the officer. The officer took Soni to a room in the police station for the
purpose of recording on videotape Soni's appearance and answers to questions. Shortly after the
videotaping began, Soni asked to speak to a lawyer. He was allowed to do so by use of a telephone in
the room. The officer remained in the room while Soni talked to his lawyer and the camera recorded
visually and aurally their conversation. After the conversation with his lawyer, Soni answered a series of
questions pertaining to his conduct preceding the arrest, he attempted several sobriety tests, and declined
to submit to a breath or blood test after the officer warned him of the possible consequences of refusing
them. The camera recorded all of these transactions. Over Soni's objection, the trial judge permitted the
jury to view an edited version of the videotape--a silent version showing only Soni's attempts to perform
the sobriety tests.

 Soni raises numerous points of error that we shall group for discussion.



 PROBABLE CAUSE


 In his fifteenth point of error, Soni contends the officer lacked probable cause to arrest him;
and, in consequence, the trial judge abused his discretion in overruling Soni's motion to suppress evidence
obtained after the arrest, including the edited version of the videotape and Soni's refusal to submit to a
blood or breath test. The officer detailed in his testimony articulable facts from which he suspected Soni
might be operating his automobile while intoxicated, together with additional observations of Soni's
demeanor and appearance after he was stopped for investigation: Soni stopped his automobile for an
unusually long time at an intersection; he failed to turn left at the intersection after indicating by turn signal
an intention to do so; he paused in the middle of the intersection then swerved his vehicle suddenly for no
apparent reason; he smelled of alcohol, had glassy eyes, required the support of his automobile to stand
erect, had difficulty in locating his operator's license, and appeared confused; he was unable properly to
recite the alphabet, to maintain his balance on one leg, or walk heel-to-toe in a straight line. We overrule
the point of error. See Miffleton v. State, 728 S.W.2d 880, 883 (Tex. App.--Austin 1987), aff'd on
other grounds, 777 S.W.2d 76 (Tex. Crim. App. 1989); Ferguson v. State, 573 S.W.2d 516, 522 (Tex.
Crim. App. 1978); Thompson v. State, 533 S.W.2d 825, 826 (Tex. Crim. App. 1976).

 In point of error sixteen, Soni contends the trial court abused its discretion by excluding
from evidence documents pertaining to a previous administrative proceeding directed at suspending Soni's
operator's license. Soni contends these documents demonstrate that a municipal court judge determined
the officer arrested Soni without probable cause. The documents do not have that import. They show
rather that the State's pleading in the administrative proceeding was found defective and that Soni merely
requested a hearing on the issue of probable cause. We hold the excluded evidence was not material to
any issue in the present proceeding and the trial judge did not abuse his discretion by excluding the
documents from evidence. We overrule the point of error.



CONSTITUTIONAL AND STATUTORY VIOLATIONS


 In points of error one through six and nine through fourteen, Soni contends the trial judge
erred by not suppressing and subsequently admitting in evidence the officer's testimony regarding Soni's
refusal to take a breath or blood test, the edited videotape, and a written form signed by Soni stating his
refusal to take a breath test. (1) Soni argues such evidence was obtained in violation of his rights under the
constitutional and statutory provisions discussed below.

 Right to Counsel. The evidence of which Soni complains was obtained immediately after
Soni's arrest on February 19, 1994. The criminal complaint against him was filed March 28, 1994, over
a month afterwards. A defendant's constitutional right to counsel does not attach until the time a complaint
is filed. U.S. Const. amend. VI; Tex. Const. art. I, § 10; Miffleton v. State, 777 S.W.2d 76, 78 (Tex.
Crim. App. 1989); Forte v. State, 707 S.W.2d 89, 92 (Tex. Crim. App. 1986). The right to counsel
given in article 1.05 of the Texas Code of Criminal Procedure does not attach earlier. See McCambridge
v. State, 778 S.W.2d 70, 76-77 (Tex. Crim. App. 1989). We find no error.

 Right Against Self-Incrimination. Soni contends that testimony regarding his refusal to
take a breath or blood test and the edited videotape, when admitted in evidence over his objection, violated
his constitutional right against self-incrimination. See U.S. Const. amend. V; Tex. Const. art. I, § 10. The
constitutional right extends, however, only to testimonial evidence and does not encompass purely physical
evidence or evidence of physical characteristics. See Schmerber v. California, 384 U.S. 757, 764
(1976); McCambridge v. State, 712 S.W.2d 499, 503 (Tex. Crim. App. 1986). The trial judge therefore
did not err by admitting in evidence the edited version of the videotape. See Miffleton, 777 S.W.2d at 78-82; Carpenter v. State, 333 S.W.2d 391, 394 (Tex. Crim. App. 1960); Shepard v. State, 749 S.W.2d
283, 286 (Tex. App.--Fort Worth 1988, pet. ref'd). Unless an accused is physically or mentally
compelled to refuse a breath or blood test, such refusal does not fall within the privilege against self-incrimination guaranteed by the federal and state constitutions. See South Dakota v. Neville, 459 U.S.
553, 562 (1983); Thomas v. State 723 S.W.2d 696, 701-705 (Tex. Crim. App. 1986). Thus, the statute
allowing evidence of an accused's refusal to take the test is not unconstitutional. See Act of May 27, 1983,
68th Leg. R.S., ch. 303, § 4, 1983 Tex. Gen. Laws 1568, 1583-84 (Tex. Rev. Civ. Stat. Ann. art. 6701l-5,§ 3(f), since amended and codified at Tex. Transp. Code Ann. § 724.061). The evidence contains
nothing to suggest Soni was compelled to refuse a breath or blood test. We hold the evidence was not
received erroneously.

 Soni contends the edited videotape, showing his inability to perform certain physical
exercises, was erroneously admitted in evidence because the tape was made without his effective consent. 
The contention rests on Soni's assumption that the matters shown in the videotape were testimonial in
nature. We have held they are not.

 Rights to Due Process of Law and Due Course of Law. Soni re-urges his contention
that he was denied his right to counsel, asserting a theory that the events at the station following his
invocation of the right to counsel deprived him of the fair trial guaranteed by statute and the federal and
state constitutions. See U.S. Const. amend. XIV; Tex. Const. art. I, § 19; Tex. Code Crim. Proc. Ann.,
art. 1.04 (West 1977). Neither the federal nor the state guarantees create a right to counsel independent
of or in addition to that right as it is guaranteed in the Sixth Amendment to the Constitution of the United
States and Article 1, section 10 of the Constitution of the State of Texas. See McCambridge v. State,
778 S.W.2d 70, 74, 76-77 (Tex. Crim. App. 1989). For the reasons previously given, we have found
Soni was not denied his constitutional and statutory rights to counsel nor was he compelled to testify against
himself in violation of any constitutional guarantee. We hold accordingly.

 Privileged Communication With Counsel. In points of error one and two, Soni
complains the trial judge erred by denying Soni's motion to suppress "all testimony regarding [Soni's]
actions and statements . . . done and/or made after the beginning of a videotape of a consultation between
[Soni] and his counsel." Soni also complains that the trial judge erred in admitting such matters in evidence
after overruling Soni's motion to suppress the evidence. Soni reasons that the State gained an unfair
advantage because it had access to and may have used to Soni's disadvantage information obtained in
violation of Soni's right to consult privately with his attorney, resulting in a trial that was not fair and impartial
and one in which his right to counsel and privilege against self-incrimination were violated. We hold Soni
has not shown that he was harmed by the alleged violations if, indeed, these violations occurred as he
contends. See Tex. R. App. P. 50(d). Nothing in the evidence suggests the State obtained privileged
information in the manner claimed, what the information was, or that the State utilized such information. 
The officer testified without contradiction that he "wasn't close enough to hear" Soni's conversation with
his lawyer even though the officer remained in the room. We reject Soni's argument, for which he gives
no authority, that he was in the matters indicated deprived of "timely, confidential, and effective counsel,"
a deprivation that constitutes "reversible error without regard to harm." We overrule the points of error.



ACTIONS OF THE TRIAL JUDGE


 In point of error twenty, Soni contends he was denied a fair and impartial trial, arguing that
the "hostility of the trial court to [Soni] and his counsel was clear to the jury" throughout the trial, as
evidenced by the trial judge's ruling that "cut off evidence" relating to probable cause and by his interruption
of Soni's counsel during closing argument. We find no such hostility in the trial judge's refusal to allow
Soni's counsel to question the officer on voir dire, stating, "[t]his isn't the proper time to go into that right
now. I'll let you ask him those questions when the time comes." The "interruption" of Soni's counsel during
closing argument was no more than the trial judge's sustaining the State's objection to a part of the
argument. After the objection was voiced, Soni's counsel continued the same argument and refused to yield
to the objection until required to do so by the judge. Soni does not complain that the judge erroneously
sustained the State's objection. We overrule point of error twenty.



LEADING QUESTION


 In point of error nineteen, Soni argues the trial judge erred by admitting in evidence over
Soni's objection the officer's answer to a leading question asked by the prosecuting attorney. The question
was: "Did you notice anything about Mr. Soni to indicate that he had been drinking as opposed to using
drugs or any of the other things that might cause these types of conduct?" The question was not a leading
question. See Myers v. State, 781 S.W.2d 730, 733 (Tex. App.--Fort Worth 1989, pet. ref'd). We
overrule point of error nineteen.


JURY CHARGE


 In point of error seventeen, Soni contends the trial judge erred in overruling Soni's motion
for directed verdict and in preventing Soni's counsel from arguing to the jury, both of which depend upon
Soni's theory that the State failed to prove an "element" of the offense alleged in the information and
complaint, namely the taking of a drug.

 The complaint and information alleged intoxication by means of "ingesting of alcohol . . .
and drugs" while the jury charge instructed that "a person is deemed to be intoxicated . . . when such
person does not have the normal use of his physical or mental faculties by reason of the introduction of
alcohol [,] a drug, or combination of two or more of these substances into the body." The evidence is
undisputed that Soni consumed alcohol before his arrest; there is no evidence he had taken drugs. The jury
verdict was general in finding that Soni was guilty of "driving while intoxicated."

 It was not intrinsically wrong for the State to allege conjunctively different means of
committing the offense and for the trial judge to charge the jury disjunctively in that regard. See Vaughn
v. State, 634 S.W.2d 310, 312 (Tex. Crim. App. 1982). Proof of either means is sufficient to sustain the
conviction absent an objection to the charge based upon insufficient evidence as to a particular means or
a motion on that ground made to require the State to make an election as to the means by which the offense
was committed. Absent such an objection or motion, the trial judge is merely required to apply the jury's
general verdict to the particular means of committing the offense that is supported by the evidence--in this
instance the ingestion of alcohol. See Vasquez v. State, 665 S.W.2d 484, 486 (Tex. Crim. App. 1984),
overruled on other grounds, Gonzales v. State, 723 S.W.2d 746 (Tex. Crim. App. 1987). Soni did
not object to the charge nor did he move to require the State to make an election. We hold the trial court
did not err in the respects claimed and overrule points of error seventeen and eighteen.



SUFFICIENCY OF EVIDENCE


 In point of error twenty-one, Soni contends the judgment of the trial court is not supported
by "sufficient evidence," a point we construe to be an attack upon both the legal and factual sufficiency of
the evidence. See Tex. R. App. P. 74(p); Jackson v. Virginia, 443 U.S.307, 318-19 (1979); Griffin
v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981); Clewis v. State, 922 S.W.2d 126, 136 (Tex.
Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd untimely
filed). Taking the views of the evidence and the measures of sufficiency required by these decisions, we
find the evidence legally and factually sufficient. We refer particularly to the undisputed evidence that Soni
consumed alcohol before his arrest and the officer's testimony as to Soni's appearance, demeanor, odor,
and conduct immediately before and after his arrest, his refusal to take a blood or breath test, and his
inability to perform the field sobriety tests and those shown on the videotape recorded at the police station. 
We overrule point of error twenty-one.

 Finding no reversible error, we affirm the trial-court judgment. 



 

 John Powers, Justice

Before Powers, Aboussie and Jones 

Affirmed

Filed: March 20, 1997 

Do Not Publish

1.   Soni also contends the trial court erred in denying his motion to suppress testimony
regarding his answers to a questionnaire regarding the offense. As noted by the State, no
evidence was presented to the jury that Soni was asked these questions, that he filled out the
questionnaire, or what his answers to the questions were. Any error, therefore, could not
have prejudiced Soni. Accordingly, points of error seven and eight are overruled. 


ues the trial judge erred by admitting in evidence over
Soni's objection the officer's answer to a leading question asked by the prosecuting attorney. The question
was: "Did you notice anything about Mr. Soni to indicate that he had been drinking as opposed to using
drugs or any of the other things that might cause these types of conduct?" The question was not a leading
question. See Myers v. State, 781 S.W.2d 730, 733 (Tex. App.--Fort Worth 1989, pet. ref'd). We
overrule point of error nineteen.


JURY CHARGE


 In point of error seventeen, Soni contends the trial judge erred in overruling Soni's motion
for directed verdict and in preventing Soni's counsel from arguing to the jury, both of which depend upon
Soni's theory that the State failed to prove an "element" of the offense alleged in the information and
complaint, namely the taking of a drug.

 The complaint and information alleged intoxication by means of "ingesting of alcohol . . .
and drugs" while the jury charge instructed that "a person is deemed to be intoxicated . . . when such
person does not have the normal use of his physical or mental faculties by reason of the introduction of
alcohol [,] a drug, or combination of two or more of these substances into the body." The evidence is
undisputed that Soni consumed alcohol before his arrest; there is no evidence he had taken drugs. The jury
verdict was general in finding that Soni was guilty of "driving while intoxicated."

 It was not intrinsically wrong for the State to allege conjunctively different means of
committing the offense and for the trial judge to charge the jury disjunctively in that regard.