

# NUMBER 13-18-00336-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

JOSE GONZALES III A/K/A
JOSE MANUEL GONZALES III,                                    Appellant,

v.

THE STATE OF TEXAS,                                    Appellee.

---

### On appeal from the 361st District Court
### of Brazos County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Hinojosa and Tijerina
### Memorandum Opinion by Justice Tijerina

Appellant Jose Gonzales III a/k/a Jose Manuel Gonzales III appeals his conviction

of one count of aggravated sexual assault of a child, a first-degree felony.[1]  *See* TEX.

---

[1] This cause is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

PENAL CODE ANN. § 22.021.  Gonzales received a sentence of forty-two years' confinement.  By one issue, Gonzales contends that the trial court abused its discretion by allowing the State to establish the elements of the offense with leading questions.  We affirm.

## I.  BACKGROUND

The State's first witness, Brent Travis, a detective with the Bryan Police Department, testified that, when he was investigating the offense, he interviewed Gonzales on two occasions.  Detective Travis stated that he first spoke with Gonzales on October 4, 2012, and Gonzales denied having any sexual contact with the complainant, R.E.  Detective Travis said that when he spoke with Gonzales again on October 30, 2012, Gonzales told him that when R.E. was either thirteen or fourteen, "there had been sexual contact between the two individuals [R.E. and Gonzales]."  According to Detective Travis, Gonzales claimed R.E. "was the aggressor" and described "several different episodes."

Detective Travis testified that Gonzales said that he performed oral sex on R.E. in 2007.[2]  According to Detective Travis, Gonzales also admitted that he masturbated R.E., R.E. masturbated him, and he attempted to engage in anal sex with R.E.  Detective Travis obtained a warrant to arrest Gonzales after speaking with R.E.  During re-direct examination by the State, Detective Travis testified, without objection, that R.E. told him that Gonzales performed oral sex on R.E., which "matched" what Gonzales had told him.  The State asked, "And that is that the victim, [R.E.], his penis penetrated the mouth of [Gonzales], correct?"  Detective Travis said, "That's correct."

---

[2] R.E.'s mother testified that R.E. was born on January 30, 1995; thus, R.E. was twelve in 2007. According to R.E.'s mother, in 2012, R.E. told her that Gonzales "raped" him.  R.E. did not provide any other details to her, and she took R.E. to the police department.

Joel Bravo, a police officer with the Bryan Police Department, testified that R.E. told him that he had been sexually assaulted by Gonzales on at least four occasions. Officer Bravo said that R.E. told him that when he was twelve, Gonzales "approached [R.E.] from the back, put his hands on his hip and took him to one of the couches and told him . . . you're going to give it up, or something to that effect, then took him to the bedroom and that's when he placed him on the bed and sexually assaulted him" by inserting his penis into R.E.'s anus. According to Officer Bravo, R.E. told him that Gonzales penetrated R.E.'s anus with his penis on three occasions.

The State asked R.E. if Gonzales put his penis in R.E.'s mouth, and R.E. replied, "Yes, sir." The State asked R.E. if Gonzales penetrated his anus with his penis, and R.E. said, "Yes, sir." R.E. testified that Gonzales "came up behind me, grabbed me, and then he threw me on the couch, and he put me in the room, and that's what happened in the bedroom," and "It was like put me face down and put his penis in my anus." During cross-examination, Gonzales asked, "At any point did [Gonzales's] penis penetrate your mouth?" and "At any point did your penis penetrate [Gonzales's] mouth?" R.E. replied, "Yes, sir" to both questions.[3]

At the close of evidence, the State proceeded on only one paragraph of the indictment alleging that Gonzales committed the offense of aggravated sexual assault of a child by causing R.E.'s sexual organ to contact or penetrate Gonzales's mouth, and the jury was instructed only on that ground.[4] The jury found appellant guilty, and Gonzales

---

[3] Gonzales objected to the State's question, "Did the defendant penetrate your anus with his penis," on the basis that it was a leading question. The trial court overruled the objection, and Gonzales obtained a running objection from the trial court to the State's questions.

[4] The State abandoned three other paragraphs of the indictment which alleged three alternative ways that Gonzales committed the charged offense.

was sentenced to forty-two years' incarceration.  This appeal followed.

## II.    APPLICABLE LAW AND STANDARD OF REVIEW

A leading question is one that instructs the witness how to answer or puts into his mouth words to be echoed back.  *Myers v. State*, 781 S.W.2d 730, 733 (Tex. App.—Fort Worth 1989, pet ref'd).  Rule 611(c) of Texas Rules of Evidence does not forbid asking a party's own witness leading questions; it merely states that leading questions should not be used on direct examination *except as necessary to develop the witness's testimony*. TEX. R. CRIM. EVID. 611(c).  Thus, "[t]he rule clearly contemplates that some leading is acceptable at the trial court's discretion."  *Wyatt v. State*, 23 S.W.3d 18, 28 (Tex. Crim. App. 2000).  To show that the trial court abused its discretion by allowing leading questions, the appellant must "show that he was unduly prejudiced by virtue of such questions."  *Id*.  No prejudice is shown when the record establishes that "the testimony elicited by the complained-of leading questions had already been presented to the jury without recourse to leading questions."  *Newsome v. State*, 829 S.W.2d 260, 270 (Tex. App.—Dallas 1992, no pet.) (citing *Hernandez v. State*, 643 S.W.2d 397, 400–01 (Tex. Crim. App. 1982)).

## III.    ANALYSIS

First, Gonzales argues that he was unduly prejudiced when the State asked R.E. the following questions:  (1) "Did the defendant put your penis in his mouth?"; (2) "Did the defendant penetrate your anus with his penis?"; (3) "Did that happen one time or more than one?"; and (4) "Were you younger than the age of 14 when those things happened?"

Prior to R.E.'s testimony, Detective Travis testified that Gonzales told him that he performed oral sex on R.E. and that R.E. told him that R.E.'s penis penetrated Gonzales's

4

mouth. In addition, Officer Bravo stated that R.E. told him that Gonzales had penetrated R.E.'s anus with his penis on three occasions. Finally, Gonzales told Detective Travis that he performed oral sex on R.E. in 2007, and the evidence established that R.E. was twelve in 2007. None of the above-cited testimony was admitted through leading questions, and Gonzales did not object when the evidence was presented. Gonzales is unable to show that he was unduly prejudiced by virtue of these questions because the evidence elicited by the complained-of questions during R.E.'s testimony was admitted, without objection, elsewhere. *See id.* Accordingly, the trial court did not abuse its discretion by overruling Gonzales's objections to the complained-of questions.[5]

Next, Gonzales complains of the following questions the State asked R.E.: (1) "The first time that [Gonzales] had sexual contact with you, had you gone to him and started masturbating him?"; (2) "[D]id you go to [Gonzales] and start masturbating him first?"; (3) "Did you have sex with [Gonzales]?"; (4) "Had he threatened you? Had he said, don't tell or, I'll hurt you, or anything like that?"; and (5) "Do you want to kill him?" Specifically, Gonzales argues that the trial court's error in allowing these leading questions "enraged the jury" and "rose to Constitutional dimension when it disallow[ed] [him] from effectively confronting R.E.'s testimony."[6] This is the extent of Gonzales's complaint, and he does not provide argument with substantive analysis of his complaint

---

[5] Gonzales mentions the following questions in his brief: (1) "Is that something you wanted, [R.E.]?"; (2) "Is that something you asked for?"; (3) "Is that something that you sought out for him?" However, Gonzales does not specifically state that these questions unduly prejudiced him or provide briefing concerning such undue prejudice. *See* TEX. R. APP. P. 38.1(i). Accordingly, any complaint as to these questions is inadequately briefed. *See id.*

[6] To the extent that Gonzales argues that his right to confront the witness was violated under the Confrontation Clause of the United States Constitution, we conclude that issue is not preserved for our review because Gonzales did not object in the trial court on that basis. *See* TEX. R. APP. P. 33.1; *Paredes v. State*, 129 S.W.3d 530, 536 (Tex. Crim. App. 2004) (holding that the appellant did not preserve a Confrontation Clause complaint because he failed to object on that basis in the trial court).

with citation to appropriate authority. *See* TEX. R. APP. P. 38.1. Moreover, given that Gonzales admitted to Detective Travis that he put R.E.'s penis in his mouth in 2007 when R.E. was twelve years old, we cannot conclude that the complained-of comments caused Gonzales undue prejudice or that the questions were leading. We overrule Gonzales's sole issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed this
3rd day of October, 2019.