**Trong Thi ABOR, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–84–002–CR.**

Court of Appeals of Texas, Eastland.

March 29, 1984.

Rehearing Denied April 19, 1984.

Discretionary Review Refused Dec. 19, 1984.

J. Mack Ausburn, J. Mack Ausburn, Inc., San Antonio, for appellant.

Jorge A. Solis, Criminal Dist. Atty., Abilene, for appellee.

DICKENSON, Justice.

The jury convicted Trong Thi Abor of misdemeanor obscenity,[1] and the trial judge assessed her punishment[2] at 30 days confinement and a fine of $500.00. The jail sentence was suspended, and appellant was placed on probation for a period of 12 months. We affirm the conviction.

Appellant has briefed two grounds of error. First, she argues that the trial court erred in not granting her motion for an instructed verdict of not guilty "because the evidence was insufficient to establish

---

1. TEX.PENAL CODE ANN. sec. 43.23(c) (Vernon Supp.1984) defines the offense, a Class A misdemeanor.

2. TEX.PENAL CODE ANN. sec. 12.21 (Vernon 1974) authorizes the punishment for a Class A Misdemeanor as a fine of not more than $2,000, confinement in jail for not more than one year, or by both a fine and confinement.

that appellant had knowledge of the content and character of the material in question." Ground one is overruled. An appellate court must view the evidence in the light most favorable to the jury's verdict; viewed in that light, if a rational trier of fact could have found beyond a reasonable doubt that appellant is guilty, the conviction must be affirmed. See, e.g., *Houston v. State*, 663 S.W.2d 455 (Tex.Cr.App.1984); *Turner v. State*, 636 S.W.2d 189 at 194 (Tex.Cr.App.1980, rehearing en banc 1982).

Appellant was working as cashier at the World News Stand in Abilene when she sold the video cassette which led to her arrest.[3] The cashier's counter served two separate rooms. The room nearer the street contained newspapers and regular magazines. The door to the inside room contained a sign which said: "If the nude body offends you, do not enter." The inside room contained at least 15 or 20 other video cassettes, all of whose cartons showed sexually explicit language and photographs. Numerous magazine covers in that area showed erect genitals and acts of oral sodomy. On March 26, 1983, an undercover police officer entered the inside room, selected the video cassette, and handed it to appellant at the counter in the inside room. She looked at the price and made change for the officer. The side of the carton showing the price also showed: a large picture of two naked people who appear to be engaged in an act of oral sodomy; the warnings, "X Rated" and "Adults Only;" the title, "Cocky Cruisin';" and the statement, "Young Cockmen in Hard Action!" There is no contention that the video cassette was not obscene. A rational jury could reasonably infer, from appellant's presence in that back room and from her looking at the carton in question when she made change, that she knew the content and character of the obscene video

cassette which she sold to the undercover police officer.

Appellant cites *Skinner v. State*, 652 S.W.2d 773 (Tex.Cr.App.1983), and *Davis v. State*, 658 S.W.2d 572 (Tex.Cr.App.1983). Those cases are factually distinguishable. Neither of them would justify a reversal of the jury's finding of guilt in this case.

In *Davis*, supra at 580, the Court of Criminal Appeals said:

> (W)e do not mean to imply or leave the inference or impression that we are holding that promoters of obscene material are beyond the law. They are not. The above simply means that the prosecution must prove its accusation without the statutory presumption.

The State did not rely upon the statutory presumption[4] in this case. The rational inferences from the evidence in this case are sufficient to support the conviction. Indeed, *Davis* notes in footnote 3 that:

> Proof of knowledge and intent are usually, because of their very nature, established inferentially from the totality of the facts of the case.

The Court of Criminal Appeals said in *Skinner*, supra at 776:

> The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

■ The second ground of error claims a fatal variance between the allegations of the information and complaint and the proof at trial. The State alleged that appellant sold "a film entitled 'Cocky Cruisin'." The proof at trial showed that it was a video cassette recording on magnetic tape which came in a carton showing that title and containing the following statement:

> NOTICE: *This film or video tape* has been prepared and is intended solely for

---

**3.** The video cassette was in a carton entitled: "Cocky Cruisin'," and it showed on its cover a young man placing his mouth on the genital area of another male and the words: "Cocky Cruisin'—Young Cockmen in Hard Action! Formerly titled "Gay Guide to Cruising—How-to Techniques from 'The Chase' to the 'Sweat and

Soap Approach.' The geography of love is diagramed by hot studs 69'ing, J.O. and plain ol' f___ing."

**4.** TEX.PENAL CODE ANN. sec. 43.23(e) (Vernon Supp.1984) which was declared to be unconstitutional in *Davis v. State*, supra.

viewing by a special and limited audience, namely adults who request and desire sexually explicit material for their information, education and entertainment, in the privacy of their own home. *This film* may not be sold to any person except consenting adults who agree to view *the film*, nor to minors, nor to any person who does not wish to view it.... (Emphasis added)

Since the manufacturer of the obscene movie considered the terms "film" and "video tape" to be synonyms, we hold that there is no variance between the allegations and the proof in this case. Moreover, we note that Webster's New Twentieth Century Dictionary (Unabridged 2d Ed. 1983) gives several meanings for the noun "film" and that one of the approved definitions is: "a motion picture." The video cassette recording in this case is "a motion picture." We hold that there is no variance between the allegations and the proof; therefore, the second ground of error is overruled.

The judgment of the trial court is reformed [5] and affirmed.

---

**5.** Pursuant to TEX.CODE CRIM.PRO.ANN. art. 44.24(b) (Vernon Supp.1984), we reform the trial court's judgment to show that appellant entered a plea of not guilty and was tried by a jury which found her guilty. Through clerical error the original judgment recited a plea of guilty and a waiver of trial by jury.