In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00165-CR
_____


JAMES CHAPMAN JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 356th District Court
Hardin County, Texas
Trial Cause No. 21294

**MEMORANDUM OPINION**

A jury found James Chapman Jr. guilty of the offense of unauthorized use of a motor vehicle, a state jail felony. Chapman elected for the court to assess punishment, and it assessed punishment at 180 days in prison. Chapman's appellate counsel filed a brief that presents counsel's professional evaluation of the record and concludes that the case presents no arguable grounds to be advanced on appeal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d

1

807 (Tex. Crim. App. 1978). We granted an extension of time for Chapman to file a *pro se* brief, but we received no response from Chapman.

We have independently examined the clerk's and reporter's records, and we agree that no arguable issues support an appeal. We find it unnecessary to order appointment of new counsel to re-brief the appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Nevertheless, in our independent review of the record, we note that the judgment is incorrectly styled as a "JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL," and it indicates that Chapman pleaded "GUILTY[.]" The reporter's record and clerk's record reflect that Chapman actually pleaded "[n]ot guilty[,]" a jury found him guilty, and then Chapman elected to have the trial court impose his punishment.

This Court has the authority to reform the trial court's judgment to correct a clerical error. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd). We reform the trial court's judgment to show that appellant entered a plea of not guilty, appellant was tried by a jury that found him guilty, and that the trial court assessed appellant's punishment. *See Abor v. State*, 677 S.W.2d 560, 562 n.5 (Tex. App.—Eastland 1984, pet. ref'd) (reforming trial court's

2

judgment to show appellant pleaded not guilty and was tried by a jury that found her guilty where, due to clerical error, the original judgment recited a plea of guilty and a waiver of trial by jury). Otherwise, we affirm the trial court's judgment as reformed.[1]

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on December 15, 2014
Opinion Delivered January 21, 2015
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.

---

[1]Chapman may challenge our decision by filing a petition for discretionary review. *See* Tex. R. App. P. 68.