

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00285-CR

---

DUSTY LEE WINKLER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 396th District Court
Tarrant County, Texas[1]
Trial Court No. 1614611D, Honorable Robert P. Brotherton, Presiding

---

April 2, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Dusty Lee Winkler, appeals his conviction for continuous sexual abuse of a child[2] and sentence to forty years' confinement. We affirm the judgment as reformed.

---

[1] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. See TEX. GOV'T CODE ANN. § 73.001.

[2] See TEX. PENAL CODE ANN. § 21.02.

**BACKGROUND**

At trial, the State offered evidence that from 2017 through 2019, when J.M.[3] was under the age of fourteen, Appellant sexually abused her on multiple occasions.[4] First, J.M.'s father testified as an outcry witness. He related that on September 11, 2019, J.M.'s mother received a call from J.M.'s school notifying her that J.M. had a challenging day at school and was somewhat emotional. When J.M. arrived at home, her parents asked her why she was upset. After further questioning by her father, J.M. eventually revealed "three to four" sexual incidents with Appellant. J.M.'s father discussed the matter with J.M.'s mother, then called the Arlington Police Department. J.M., who was sixteen at the time of trial, testified next. She relayed that, among other things, Appellant touched her vagina, made her touch his penis, performed oral sex on her, caused her to perform oral sex on him, and put his penis inside her vagina.

Before the completion of J.M.'s testimony, the trial court held a hearing outside the presence of the jury in compliance with Texas Rule of Evidence 412(c) to determine whether evidence of other sexual activity by J.M. was admissible. Appellant submitted an offer of proof showing his proposed cross-examination of J.M. indicating that J.M. told a Child Protective Services investigator about her sexual misconduct involving her younger brothers, and that she felt ashamed of her conduct. J.M. further testified that she was scared that she would be charged with an offense or taken away from her family

---

[3] To protect the complainant's identity, we refer to her as "J.M." *See* TEX. CONST. art. I, § 30(a)(1) (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

[4] At that time, Appellant was married to J.M.'s aunt. The couple, along with their young daughter, lived with J.M.'s family.

because of the situation with her brothers.  J.M. also revealed her misconduct with her brothers to her father, testifying that she told him "everything about what had happened in the past, while all this was happening."[5]

Appellant's counsel sought to introduce the evidence under Texas Rule of Evidence 412(b)(2)(C) to demonstrate J.M.'s bias and motive for fabricating the allegations against Appellant, arguing, "She was scared to death.  She made a false outcry against this Defendant because of the crime – or the offenses . . . She is mentally stressed about getting convicted as a sexual offender and such.  This all goes into any accusation."  He further asserted that an accused has "the right to cross-examine fully."  The State responded that the evidence was irrelevant and that any probative value it had was far outweighed by its prejudicial effect.  The trial court determined that the prejudicial nature of the evidence outweighed its probative value and ruled that the evidence would not be admitted before the jury.

The jury then heard testimony from several other witnesses, including Appellant himself.  At the conclusion of the evidence, the jury found Appellant guilty of continuous sexual abuse of a child.  The trial court sentenced him to forty years' confinement. Appellant filed this appeal challenging the trial court's exclusion of evidence.

### STANDARD OF REVIEW

A trial court has considerable discretion in determining whether to exclude or admit evidence.  *See Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990).  We

---

[5] By "while all this was happening," J.M. appears to be referring to her outcry on September 11.

3

review a trial court's ruling on Rule 412 evidence for an abuse of discretion. *Johnson v. State*, 490 S.W.3d 895, 908, 913 (Tex. Crim. App. 2016). An abuse of discretion occurs when the decision falls outside the zone of reasonable disagreement. *Id.* at 908. We will uphold the trial court's evidentiary ruling if it is correct under any applicable theory of law. *Id.*

## ANALYSIS

Appellant asserts that J.M. fabricated a story of sexual abuse by Appellant to avoid trouble for her past sexual activity with her brothers. In his sole issue on appeal, he claims that the trial court, in violation of the Rules of Evidence and the Confrontation Clause, abused its discretion by excluding J.M.'s testimony regarding her conduct because the evidence relates to J.M.'s motive or bias. *See* TEX. R. EVID. 412(b)(2)(C).

Texas Rule of Evidence 412

Texas Rule of Evidence 412 prohibits evidence of specific instances of a victim's past sexual behavior unless it falls within one of five exceptions. *See* TEX. R. EVID. 412(b)(2)(A–E). But even if the evidence is admissible under one of the 412(b) exceptions, it nonetheless may be excluded if its probative value fails to outweigh the danger of unfair prejudice. *See* TEX. R. EVID. 412(b)(3); *Montgomery v. State*, 415 S.W.3d 580, 583 (Tex. App.—Amarillo 2013, pet. ref'd). Moreover, "[u]nder Rule 412(b)(3) the burden falls on the proponent of the evidence, the defendant, to show that the probative value of the evidence outweighs the unfair prejudice." *Stephens v. State*, 978 S.W.2d 728, 733 (Tex. App.—Austin 1998, pet. ref'd). Unlike the general balancing test under

4

Rule 403, which weighs in favor of the admissibility of evidence, Rule 412(b)(3) weighs against the admissibility of evidence. *Id.*

Here, J.M.'s testimony in the 412 hearing does not indicate that she had confessed to or been investigated for the conduct involving her brothers prior to her outcry against Appellant. Although Appellant suggests that J.M.'s fears of facing consequences for her acts motivated her to make a false outcry against him, the evidence does not establish that J.M. had been confronted about her behavior at the time she made an outcry against Appellant. The timing of J.M.'s outcry therefore distinguishes this case from *Johnson* and *Hill*, the cases relied upon by Appellant. In *Johnson*, the evidence reflected the following sequence of events: the complainant sexually molested his sister, his parents knew of his misconduct and placed him in counseling as a result, and complainant later made an outcry against Johnson. *Johnson*, 490 S.W.3d at 911–13. There, the Court of Criminal Appeals held that the evidence of the complainant's past abuse of his sister was "relevant to Johnson's defense that [the complainant] had a motive to fabricate the accusations so that he would appear sympathetic to his parents as a victim of sexual assault, rather than as a perpetrator of sexual assault" and therefore should have been admitted. *Id.* at 914. Similarly, in *Hill*, the Second Court of Appeals determined the trial court erred in excluding evidence that the complainants were in trouble with their parents, and one had been suspended from school for sexual misbehavior, before they made their outcries against their father. *Hill v. State*, No. 02-16-00106-CR, 2017 Tex. App. LEXIS 4357, at *23 (Tex. App.—Fort Worth May 11, 2017, pet. ref'd) (mem. op., not designated for publication).

In the instant case, J.M.'s testimony indicates that she first revealed Appellant's sexual abuse and then self-reported her own misconduct. The trial court could have

5

reasonably concluded that Appellant's theory that J.M. fabricated her allegations against him to protect herself from the consequences of her actions, which were unknown to others at the time of her outcry, was so tenuous that it was easily outweighed by the danger of unfair prejudice. *See* TEX. R. EVID. 412(b)(3). Moreover, Appellant did not challenge the trial court's determination that the evidence was unfairly prejudicial. Accordingly, we cannot conclude that the trial court abused its discretion by excluding the complained-of evidence.

Confrontation Clause

Appellant also argues that because the evidence was excluded, he was denied his constitutional right to confront his accuser. *See* U.S. CONST. amend. VI; *Hammer v. State*, 296 S.W.3d 555, 561 (Tex. Crim. App. 2009) (Sixth Amendment grants defendants in criminal prosecutions right to confront witnesses against them, which includes right to cross-examine witnesses to show possible bias, self-interest, or motive in testifying). We disagree. The right to confront and cross-examine witnesses is not absolute and may bow to accommodate other legitimate interests in the criminal trial process. *Allen v. State*, 700 S.W.2d 924, 931 (Tex. Crim. App. 1985) (holding that precursor to Rule 412 was constitutional and did not, on its face, violate accused's right to confrontation); *see also Johnson*, 490 S.W.3d at 909 (trial court may put limits on defendant's right to cross-examine complainant).

It was Appellant's burden to establish that the Confrontation Clause required the admission of evidence related to J.M.'s prior sexual activity and that the evidence was more probative than unfairly prejudicial. *See White v. State*, 549 S.W.3d 146, 151–52

6

(Tex. Crim. App. 2018) (proponent of challenged evidence generally has burden of establishing admissibility). Where, as here, the trial court could have reasonably concluded that the evidence had little probative value, and Appellant failed to establish that whatever probative value existed outweighed the danger of unfair prejudice, we find no abuse of discretion in the trial court's exclusion of the evidence. Accordingly, we overrule Appellant's sole issue on appeal.

## REFORMATION OF JUDGMENT

This Court has the authority to reform the trial court's judgment to correct a clerical error. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993) (en banc). Here, the record unambiguously shows that Appellant was convicted by a jury and sentenced by the trial court. Therefore, we reform the judgment in Count One to delete the heading reading "Judgment of Conviction by Court—Waiver of Jury Trial" and to make its heading read "Judgment of Conviction by Jury." *See Abor v. State*, 677 S.W.2d 560, 562 n.5 (Tex. App.—Eastland 1984, pet. ref'd). Otherwise, we affirm the trial court's judgment as reformed.

## CONCLUSION

For the reasons set forth above, we affirm the trial court's judgment as reformed.


Judy C. Parker
Justice


Do not publish.